**TUCKER et al. v. TEXAS AMERICAN SYNDICATE et al.**

No. 12355.

United States Court of Appeals Fifth Circuit.

Dec. 7, 1948.

Carlisle Cravens, of Fort Worth, Tex., H. C. Upton, of San Angelo, Tex., and Dexter Hamilton, of Dallas, Tex., for appellants.

William E. Allen and J. B. Wade, both of Fort Worth, Tex., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This is a voluntary reorganization proceeding under Chapter 10 of the Bankruptcy Act, as amended, 11 U.S.C.A. §§ 501–676. The petition alleges that the debtor is a business trust or joint stock association, duly organized under the laws of Texas, and that it is unable to pay its debts as they

mature. 11 U.S.C.A. §§ 526, 528, 530, 531, 541, 543, 544, 545. The nature of the debtor's business is alleged to be owning land, farming, operating ranches, raising live stock, acquiring and developing land for oil and gas, and engaging generally in the oil business. Numerous motions and other pleadings were filed on behalf of creditors and claimants, objecting to the jurisdiction of the court and averring that the petition was not filed in good faith. After hearing evidence and argument, the court overruled the motions to dismiss, approved the petition as properly filed, and directed that the debtor be continued permanently in possession of the property.

There are two principal issues presented on this appeal: first, whether the debtor's petition states the requisite jurisdictional facts; second, whether the petition was filed in good faith. We shall deal with these issues in the order stated.

■ Although it is alleged that the debtor is unable to pay its debts as they mature, it appears from the face of the petition that the largest claim against it is one for $79,300; that this item is in suit; the debtor has plead failure of consideration; and has filed a cross-action for the sum of $1,538,999.90. The only other debt specifically mentioned in the petition is alleged to be due to the State of Texas in the sum of $11,500. It elsewhere appears in the petition that the debtor owns lands valued at between three hundred and six hundred thousand dollars, and that claims have been asserted against it in the total sum of $124,437.20, which includes the item of $79,300 previously mentioned. The petition does not state the assets, liabilities, capital stock, and financial condition of the corporation as is required by the Bankruptcy Act, 11 U.S.C.A. § 530(4). There is no allegation as to the amount of cash or liquid assets available for the payment of debts, nor of specific facts showing the need for relief under Chapter 10, 11 U.S.C.A. § 530(7); but the pleadings are subject to amendment even on a question of jurisdiction; and, therefore, without deciding the first point, we pass to the second, as was done in Ex Parte Bakelite Corporation, 279 U.S. 438-448, 49 S.Ct. 411, 73 L.Ed. 789.

The record contains much oral and documentary evidence. At the outset of the hearing the debtor admitted that the trust estate was not insolvent. The court below found as a fact that the syndicate had no money to pay its debts, but it made no finding as to the vast resources of this organization, which would have enabled it to raise sufficient money to pay every debt owing by it. The evidence shows clearly that, although the market value of the real estate owned by the debtor was sufficient for the purpose, it made no effort to borrow money to meet its maturing obligations; on the contrary, it got rid of all of its cash, amounting to nearly $100,000, by paying debts that were not due and making improvements on real estate that were not absolutely necessary.

On November 30, 1947, the day after the petition was filed, according to the books of the debtor itself, it owned total assets of $421,167.38, and owed the aggregate sum of $41,173.87, disclosing a net worth on that date of $379,993.51. Within less than a year before filing the petition for reorganization, the debtor paid the State of Texas the sum of $27,936.22 on an indebtedness not then due, and during the same time spent for improvements on the Wade Ranch an amount exceeding $34,582.95.

■ When the petition was filed, the only debts then due, which were liquidated as to amount and not contested as to liability, were about $2200 due for additional improvements on the Wade Ranch, and $1000 due a bank in Fort Worth. These amounts were inconsequential in comparison with the admitted assets and income of the debtor. No plausible reason is advanced for the debtor's getting rid of its cash assets in this manner other than that it was done to enable the debtor in this proceeding to urge its inability to pay its debts as they matured. We think the finding that the petition was filed in good faith was clearly erroneous, and should be set aside.

■ Prior to approving the petition as properly filed, the court ordered a stay of proceedings in five suits pending in various state courts of Texas; four of them were brought by the debtor, Texas American Syndicate; the only suit *against* the debt-

or was one wherein it was sought to enforce liens upon lands of the debtor located in Texas; and the decision thereof obviously will be governed by the laws of Texas; the other four cases are actions in trespass to try title to lands also situated in Texas. They were instituted by the debtor, and their decision likewise will be governed by the laws of Texas. If not a distinct disservice, at least it would be a work of supererogation for the bankruptcy court to take all these land suits away from the state courts and try them in the federal court.

The Texas courts are the repositories of the law of that state. It is to their decisions that the federal courts must look to ascertain the Texas law in local matters. This is preeminently true with reference to the law of real estate situated in Texas. For this reason, as well as because the local courts are more convenient to the litigants, and may be less expensive, we think the order staying proceedings in these five cases was improvidently granted and should be dissolved.

Reversed and remanded for further proceedings not inconsistent with this opinion.