### TUCKER et al. v. BAKER et al.
#### No. 13047.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1950.

Rehearing Denied Jan. 22, 1951.

Dexter Hamilton, Dallas, Tex., for appellants.

J. Hart Willis, John B. Stigall, Jr., Dallas, Tex., W. E. Allen, J. B. Wade, Fort Worth, Tex., Garth B. Melson, Indianapolis, Ind., Charles S. Hopkins, Olean, N. Y., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a decree and order consolidating Civil Action #1855 in Equity and proceedings for reorganization, #2163 in Bankruptcy, and making various provisions,[1] for conserving the properties of Texas American Syndicate, an unincorporated business trust, and for the ascertainment of the owners of its shares and properties.

This is not appellants' first appearance in this court. When they were here before appealing from an order, entered in cause No. 2163 in Bankruptcy, finding the petition for reorganization of Texas American Syndicate filed in good faith, approving it as properly filed appointing a trustee, and enjoining the prosecution of five state court suits, the judgment was reversed and the cause was remanded for further proceedings not inconsistent with the opinion[2] and mandate of the appellate court.

The trustee, appointed in No. 2163 in Bankruptcy, tendering a proposed amended petition purporting to supply the deficiencies pointed out in the former opinion, moved for leave to file it. The appellants, Tucker et al. moved for entry of judgment on the mandate.

1. This decree first ordered the two cases consolidated.

Second, it dismissed the petition as amended in so far as it sought reorganization under Chapter 10, 11 U.S.C.A. § 501 et seq.

Third, it expressly reserved jurisdiction to determine the beneficial owners of the trust property, to supervise the election of a trustee and, pending those determinations, to hold and administer the assets.

Fourth, it ordered Thaxton, who had been theretofore appointed trustee, to continue to hold and administer the properties under the order of the court.

Fifth, it appointed a master to take testimony and report to the court on the beneficial ownership of the assets of the trust.

Sixth, it ordered all persons claiming any interest in the properties to file claims, fixed a time for their filing, directed the master to give notice to all persons appearing upon the records of the syndicate as owning or claiming an interest in the properties, and, upon the completion of his investigation, to report his findings to the court.

Seventh, the prayer in the equity suit for the appointment of a receiver was denied.

Eighth, attorneys were appointed for the trust.

Ninth, the prosecution of a suit brought by Harry H. Ragsdale, et al. in the State Court of Navarro County for the appointment under the Texas Trade act of a new trustee was stayed and plaintiffs were enjoined from further prosecution.

Tenth, appellants H. H. Tucker, Jr., et al. were enjoined from prosecuting a suit in the District Court of Dallas County against Texas American Syndicate, et al.

2. The opinion held: that the debtor petition did not state the requisite jurisdictional facts but that the pleadings were subject to amendment and the question of jurisdiction was therefore not determined; that upon the evidence, the finding that the petition was filed in good faith was clearly erroneous and should be set aside; and that the order staying proceedings in five suits pending in various state courts of Texas was erroneously entered, and should be dissolved. Tucker v. Texas American Syndicate, 5 Cir., 170 F.2d 939.

On Feb. 17, 1949, the two motions came on for hearing and the trustee's motion for leave to file was granted. No action, however, was taken on Tucker's motion until June 10, 1949, when the court announced his intention to grant the motion, but no order was then entered.

On July 19, Civil cause # 1855, the suit in equity which is involved in this second appeal, was filed by J. M. Baker et al., as a class suit against H. H. Tucker, Jr., et al. In it the confused situation as to the affairs of the syndicate, including an excessive issuance of ownership certificates, and the imminent danger of loss and dissipation of the assets were set out and the appointment of a receiver and master was pressed.

On the same day notice was ordered to issue to the defendants named to appear on September 8th, and show cause why the relief prayed for should not be granted. On the same day John Willmot and other shareholders in the syndicate filed an amended prayer of intervention in the bankruptcy proceedings, alleging, among other things, the death of the syndicate's trustee and praying for the appointment of a receiver.

Thereafter many syndicate certificate holders filed interventions in the equity suit, and, on September 10th, Thaxton, the trustee appointed in the reorganization proceeding No. 2163 in Bankruptcy, filed his report and petition asking for instructions as to the disposition of the assets, books, records, etc. of the trust estate.

On August 18, appellants, Tucker et al., filed a motion to strike the Baker petition. At the conclusion of the hearings the court issued an oral opinion and followed this with the order appealed from.

Appealing from that order, appellants are here insisting that it is in violation and contradiction of our former opinion and mandate, and it must be reversed.

No appeal was taken by H. H. Ragsdale or any of the other plaintiffs in the Navarro County State Court suit.

If, as appellants seem to contend, the order dismissing the petition for reorganization did not have the effect of dissolving the injunctions in the five state court suits, we agree that, to the extent that the order appealed from failed, in obedience to the mandate, to dissolve the injunctions which had stayed the proceedings in the five state court suits, it was erroneous. We agree, too, that the order erroneously enjoined appellants from prosecuting their suit in the 95th District Court of Dallas County, Texas.

We think it plain, however, that except as to these matters the order appealed from was properly entered and may not be set aside. Cf. Smith v. Central Trust Co., 4 Cir., 139 F.2d 733; In re Peer Manor Building Corp., 7 Cir., 143 F.2d 764; Berl v. Crutcher, 5 Cir., 60 F.2d 440.

While we are of the opinion that, in dismissing the petition for reorganization, the district court intended to obey and thought he was obeying the mandate of this court, and that the effect of that dismissal was to dissolve the injunctions theretofore granted, we think that the order should have contained a definite provision for the dissolution of those injunctions and that it was error not to so provide.

The judgment appealed from is, therefore, ordered to be reformed *ab initio* so as to expressly include a provision for the dissolution of the order staying proceedings in the five state court cases and to eliminate from it the order staying appellants' Dallas County suit against Texas American Syndicate Co., et al. As so reformed, it is affirmed, the costs of appeal to be equally divided. Reformed and affirmed.

McCORD, Circuit Judge, dissents.

### On Petition for Rehearing.

PER CURIAM.

Rehearing denied.

McCord, Circuit Judge, dissents.