TUCKER et al. v. BAKER et al.

No. 14812.

United States Court of Appeals
Fifth Circuit.

June 30, 1954.

As Modified on Denial of Rehearing
Sept. 22, 1954.

Leslie Shults and James U. Thurman, Dallas, Tex., Hamilton & Shults, Dallas, Tex., for appellants.

J. Hart Willis, John B. Stigall, Jr., Dallas, Tex., Code E. Edwards, Fort Worth, Tex., Edward C. Fritz, Dallas, Tex., Owen F. Renegar, Oklahoma City, Okl., Walter P. Reese, Dayton, Ohio, Willis & Willis, Dallas, Tex., for appellees J. Morgan Baker, et al. and the Receiver.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and RICE, District Judge.

HUTCHESON, Chief Judge.

This is the third appeal from judgments and orders of the United States District Court involving the Texas American Syndicate. The initial proceeding begun in 1947 sought a voluntary reorganization under Chapter 10 of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. In it Karl A. Crowley was appointed trustee, and upon his decease Herbert H. Thaxton was appointed in his place. The orders entered in this case were appealed to this court and a decision rendered on December 7, 1948, reported in Tucker v. Texas American Syndicate, 5 Cir., 170 F.2d 939. It was there held: that the Syndicate was not bankrupt; that the petition for reorganization was not filed in good faith; that no case for the exercise of the bankruptcy jurisdiction had been made out; and that the proceeding should be dismissed; and the cause was remanded for further proceedings not inconsistent with that opinion.

The district court then, on October 17, 1949, entered its order consolidating Bankruptcy Action No. 2163 and Civil Cause No. 1855, and appointed a special master to conduct hearings for the purpose of determining who the beneficial owners of the syndicate were.

An appeal was taken from this action of the court by H. H. Tucker, et al., and in the opinion of this court, reported in 185 F.2d 863, it was held that the district court had, and could properly retain, jurisdiction over the subject mat-

ter for the purpose of determining the ownership of the interest and property and the proper party or parties who could secure possession of the syndicate properties, but that the injunctions of the district court against the prosecution of certain state court suits involving the syndicate should be dissolved.

Subsequently Harry H. Ragsdale and others, plaintiffs in cause No. 26,207, an action for the appointment of a trustee for the syndicate, pending in the 13th Judicial District Court of Navarro County, Texas, who, as pointed out in the opinion in 185 F.2d 863, supra, did not appeal from the order of the district court granting an injunction staying the proceedings in that cause, filed their motion to dissolve the injunction, and this motion was denied.

Hearings were held by the Honorable Clyde G. Hood, Special Master in Chancery, appointed by the court, and the oral testimony taken in those hearings is fully set forth in the transcript beginning on page 172. Certain of the exhibits submitted to the special master are shown on pages 1500 through 1506 of the transcript, but the major portion of the exhibits designated on this appeal have been filed with the court in the original form, in lieu of the printing thereof.

On May 27, 1953, the special master made findings of fact and conclusions of law, which are set forth in the transcript beginning on Page 87, to which the appellants made numerous objections.

On June 23, 1953, J. Morgan Baker et al., plaintiffs in Civil Cause No. 1855, filed their amended pleading, asking the court to extend its equity powers and to appoint a receiver. H. H. Tucker et al., in answer to such pleadings, specially pleaded lack of jurisdiction of the district court to give the relief prayed for by these plaintiffs.

In the meantime, Harry H. Ragsdale, et al., as duly elected trustees of Texas American Syndicate, had applied by motion for possession of the properties of the syndicate, and this motion was overruled by the court by an order entered August 14, 1953.

On July 21, 1953, the district court entered a judgment approving the findings of fact and conclusions of law of the special master, and on July 22, 1953, it entered an order appointing Herbert H. Thaxton as receiver of the Texas American Syndicate. The appellants, H. H. Tucker, Jr., et al., are appealing from these various orders [1] of the district court.

While in their attacks upon these orders, appellants present many specifications of error, seventeen in all, their attack is by no means a scatter gun proceeding attacking each and all of the eighty-five findings of fact and the twenty-two conclusions of law of the master. On the contrary, their attacks upon the findings and conclusions are selective and while they do specifically assail many of the findings, their main argument is centered upon, their effort is to maintain these four contentions that the orders as a whole are erroneous because: (1) the court was without jurisdiction of the proceedings in which they were entered; (2) the order to dissolve the injunction against the Navarro County suit was improvidently denied; (3) it was error to sustain the master's findings and confirm his report against their objections to it; and (4) it was particularly erroneous to appoint a receiver since it had been specifically held

---

1. In and by these orders the district judge:

(a) denied the motion of Harry H. Ragsdale et al. to dissolve the injunction heretofore entered by it, staying the prosecution of a suit for the appointment of a trustee for the Texas American Syndicate, pending in the District Court of Navarro County, 13th Judicial District of Texas;

(b) denied the motion for an order directing the trustee and special master to transfer all of the properties and assets in their possession to Harry H. Ragsdale et al., as the duly elected trustees for the Texas American Syndicate;

(c) overruled objections to and confirmed the master's report;

(d) appointed Herbert H. Thaxton receiver of Texas American Syndicate.

that the court was without jurisdiction to proceed to a reorganization and the purpose and object of the equity suit to determine ownership of the interests in the syndicate and its properties had been substantially accomplished.

Further pointing up that the storm center of their attack is on the assailed orders, as designed to perpetuate the jurisdiction and control of the court by effecting a reorganization rather than to bring the proceedings at last to their proper end, it will be noted that while appellants do devote a portion of their brief to an attack upon findings of the master purporting to fix and determine the rights of the complaining interest holders in the syndicate, this portion of the brief is wanting in the detailed support of such an attack upon the findings of the master on a voluminous record of the size in question here, which is required if the findings as such are to be seriously and successfully attacked.

On the other hand, where the attack is on the order appointing the receiver and the claimed general plan to effect the reorganization of the properties, the attack is sharp and specific and supported by citation of authority.

The appellees, apparently of the opinion that if the other questions are settled against appellants, it follows that the attack upon the order appointing the receiver must, as a matter of course, fail and the order be affirmed, take no specific note of the assignment attacking this order of appointment. Directing their arguments to the other questions, they urge upon us: (1) that the affirmance by us in Tucker v. Baker, supra, of the orders there appealed from finally and conclusively determined all questions of jurisdiction in favor of its existence; (2) that the court properly denied the motion to have the properties of the syndicate turned over to movants as the duly elected trustees, because the purpose of that motion was to have the court determine on motion the very matters, which the court had taken jurisdiction of the cause to determine by inquiry and proof, the true ownership of the shares and properties of the investment trust and who was entitled to vote for and determine who should be trustee; (3) that the objections to the order sustaining the master's findings against appellants' attacks upon them and confirming his report were not properly supported below and are not properly supported here by sufficiently detailed specifications of error pointing out in what respect and why the matters claimed were erroneous; (4) that it was not error to deny appellants' motion for dissolution of the injunction staying the Navarro County suit for the appointment of a trustee both because the earlier order denying such motion had not been appealed from and, further, no proper showing was made in support of the motion, for the property being in the custody of the conservator in the United States District Court, if the state court suit had been permitted to proceed, a necessary conflict of jurisdiction would have arisen, and the federal court having already taken jurisdiction of the property before the state court suit was filed, its prior jurisdiction could not be ousted by that suit.

 As to all the orders appealed from, except the one appointing a receiver, we find ourselves in full agreement with appellees. On a record fully supporting our decision, this court on the former appeal correctly determined that the court a quo had jurisdiction of the property for the purposes set out in the opinion, that is to conserve the properties of the company and determine and fix the ownership in its shares and properties, and we are of the clear opinion that there is no basis for appellants' attack upon the jurisdiction of the court to this extent and for those purposes.

It is quite clear, also, we think, that appellants have made no such showing of error in respect of the findings of the master of which they complain or of the judgment of the court confirming those findings and confirming the master's report as would authorize us to disagree with the findings and set aside the judgment of the court based thereon. Neither is there any showing of error in respect of the action of the court in re-

fusing to turn over the properties to interested parties, having interests antagonistic to other owners and claimants, upon the theories advanced that the persons seeking the turn over order were elected at an election properly held at which all persons qualified to vote were given an opportunity to vote, nor was there any error in refusing to permit the Navarro County suit to proceed for the purpose of appointing a trustee.

When it comes, however. to the order appointing the receiver, we think the appellants have the right of it. We think it was one thing, in view of the complicated and confused situation as to the ownership of interests in the properties, to assert and maintain the jurisdiction of the district court and through a conservator take possession of the properties for the purpose of determining these ownerships and preventing the dissipation of the properties or their being made off with or otherwise disposed of by adverse claimants, during the period necessary for making these determinations. It is quite another thing for the court, having for so long wisely refrained from appointing a receiver, now that the purposes for which it properly took possession of the property, to conserve it, are substantially achieved, to institute, at the instance of some and over the objection of a great many of the owners or claimants, *a receivership for the sake of a receivership with the consequent heavy burdens and expenses* which will tend to dissipate in court costs and allowances the properties of the true owners, while unduly and without warrant keeping them out of the possession and use of their own.

■ After all, these properties have been in the court since 1947, now seven long years. It is time that something should be done to bring this slow paced, slow moving, proceeding to an end. That something is not the appointment of a receiver and of attorneys and other functionaries for the receiver, and the beginning at this late date of a long drawn out and costly administration just when the court proceedings should be coming to a conclusion in a winding up order. Appointments of receivers by the federal courts over the objections of interested parties have as a rule been closely scrutinized by the appellate courts. As said in Michigan v. Michigan Trust Co., 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136, receiverships for conservation have a legitimate function but they are to be watched with jealous eyes lest their function be perverted. Cf. Pusey & Jones v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763; Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; Gordon v. Washington, 295 U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282; Cochrane v. W. F. Potts Sons & Co., 5 Cir., 47 F.2d 1026; W. F. Potts Sons & Co. v. Cochrane, 5 Cir., 59 F.2d 375.

■■ As appellants correctly say:

"In the case of Gordon v. Washington, supra, the court said, 'A receivership is only a means to reach some legitimate end sought through the exercise of the power of the court of equity; it is not an end in itself. Where a final decree involving the disposition of property is appropriately asked, the court, in its discretion, may appoint a receiver to preserve and protect the property pending its final disposition. For that purpose the court may appoint a receiver of mortgaged property to protect and conserve it pending foreclosure, or of property which a judgment creditor seeks to have applied to the satisfaction of his judgment. There is no occasion for a court of equity to appoint a receiver of property of which it is asked to make no further disposition.

"In the case at bar, the plaintiffs, though asking for a receiver with broad powers, are not asking for a final disposition of the property. This, of course, they could not do for the reason that this court has previously held on the first appeal that there should be no reorganization of the syndicate, confirming this opinion on the second appeal. Since the trial court's jurisdiction

in the bankruptcy proceeding has been limited in such a fashion that there can be no reorganization of the syndicate and the equity suit, No. 1855 can only be ancillary to the bankruptcy proceeding, it is evident that there is no jurisdiction for the appointment of a receiver. Further, such action is clearly inappropriate under the above authorities for the reason that the receivership can accomplish no end, but must merely be an end in itself, if there is any reason for same. It should be borne in mind that this trust estate was already in the hands of the same individual as Trustee and Conservator appointed by the same court before he was appointed as receiver.

"It is thought that the question as to whether there will be an end to this matter is not impertinent. Though the Special Master has made extensive findings of fact and conclusions of law, the trial court has made no attempt to call an election as it had indicated in its original order; on the contrary, the receivership has been granted, which contemplates nothing but additional years of litigation in a matter which has been in litigation far too long already. * * *"

■■ All the judgments and orders appealed from except the one appointing the receiver will be affirmed. The judgment appointing the receiver is reversed with directions to vacate the receivership and discharge the receiver, his attorneys and employees, and to charge against the interests of the parties provoking the receivership all the fees, if any, claimed by the receiver and his attorneys and the expenses incident to and caused by the receivership, except to the extent that it is made to appear that the receiver's actions and activities have enured to the benefit of the estate, W. F. Potts Sons & Co. v. Cochrane, supra. The costs of the appeal are to be equally divided.

■ Nothing in this opinion shall prevent the district judge from entering, indeed he is hereby directed and authorized to enter from time to time, such orders, in enlargement and extension of the powers of the conservator as may be necessary and proper to enable him to do and perform such acts, enter into such negotiations, and execute and deliver such contracts, deeds, or other instruments as may be required of him to fully protect the values and properties of the estate, such orders, however, to be entered, and such action taken, with due and paramount regard at all times and under all circumstances to the opinion and admonition of this court that this slow paced, slow moving proceeding be as economically and as speedily as possible brought to an end in a winding up order closing the administration and delivering the properties and their management to the person or persons rightfully entitled thereto.