**MONGIELLO BROS. COAL CORP.,**
Appellant,

v.

**HOUGHTALING PROPERTIES INCOR-
PORATED and 95th Street Center,
Inc.,** Appellees.

No. 19558.

United States Court of Appeals
Fifth Circuit.
Nov. 14, 1962.

Guion T. DeLoach, Miami, Fla., for appellant.

J. Edward Worton, W. G. Ward, Miami, Fla., Ward & Ward, Miami, Fla., of counsel, for appellees.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Appellant, a mortgagee, appeals from the denial of a motion to dissolve an order staying the sale of the mortgaged property under foreclosure decree obtained in state court, and from the order granting the stay. We have jurisdiction under Title 11, §§ 47 and 521. Caplan v. Anderson, 5 Cir., 1958, 256 F.2d 416.

The record, as supplemented, shows the following undisputed facts. A mortgage covering certain described real property in Dade County, Florida was given appellant by F. S. Houghtaling, N. E. Houghtaling and their wives under date of April 8, 1959 to secure a loan in the amount of $75,000. The Messrs. Houghtaling were also stockholders in appellee Houghtaling Properties, Inc., a corporation owning adjacent and contiguous property. All of the property, whether owned by the corporation or by the individuals, had been in the Houghtaling family for many years.

The mortgage of appellant covered lands comprising either one sixth or one eighth of the total tract. The mortgagors defaulted on June 2, 1961 and the foreclosure action was commenced on July 11, 1961. It was completed on November 27, 1961 and the property was to be sold on December 27, 1961.

In the meantime, the corporation was heavily involved financially, owing sums secured by first, second and third mortgages as well as on open account. The individual mortgagors commenced a series of meetings with their brother-in-law, Julius Naiman, and with their lawyer and accountant looking toward a plan to save the property of the individuals covered by the mortgage of appellant, as well as the property of the corporation.

The testimony of Mr. Naiman was that F. E. Houghtaling stated he was about to lose all of his property due to the fact that he had ten mortgages at ten percent; that the accountant said, based on past experience, the property might be saved under Chapter X of the Bankruptcy Act. Mr. Naiman stated that he understood that Chapter X stalls off creditors and gives the court a chance to reorganize. He later stated that he understood that it was to stall off creditors and to sell the property in an orderly manner.

The accountant testified that it was on his advice that the property owned by the individuals and by the corporation was placed in a new corporation. It was then conveyed to Mr. Naiman as trustee for the corporation to be formed, 95th Street Center, Inc., by deed dated September 7, 1961. The acquisition of the charter to the new corporation had not been completed and it was September 28 before Mr. Naiman conveyed it to that corporation. There was no consideration for either deed. The accountant advised that a Chapter X proceeding would be a last resort in the event the mortgage foreclosure could not be put

off and that he believed, under such a proceeding, all creditors could be held off for as long as fifteen months. The outstanding mortgages were expressly not assumed by either Naiman, as trustee, or 95th Street Center, Inc., although title was taken subject to the mortgages. There is no evidence that the individuals owed any debts other than that to appellant secured by the mortgage.

Four creditors of Houghtaling Properties, Incorporated then filed an involuntary petition for reorganization under Chapter X of the Bankruptcy Act jointly against Houghtaling Properties, Inc. and 95th Street Center, Inc. alleging that the corporations were unable to pay their debts as they matured. They prayed that an order be entered approving the petition, and for appointment of a trustee authorized to operate the business and manage the property of the debtors. This petition was filed on December 4, 1961. On December 26, they moved to restrain the foreclosure sale under the mortgage of appellant and a restraining order was entered on the same day. The court recited that the failure to restrain the foreclosure sale would result in immediate and irreparable damage to the petitioning creditors and that a temporary stay would cause no serious loss to appellant.

Appellant then filed a motion to dissolve the stay order, asserting that the petition for reorganization failed to show that the 95th Street Center, Inc. was indebted to the petitioning creditors. This is true for aught that appears in the record, the debts being due by Houghtaling Properties, Incorporated. The petition is apparently premised on the proposition that those debts by operation of law become the debts of 95th Street Center, Incorporated. Appellant also alleged that the petition failed to set forth a balance sheet of 95th Street Center, Inc. A balance sheet was set out in Houghtaling Properties, Incorporated. It was alleged that the petition for reorganization was filed only for the purpose of delaying the pending mortgage foreclosure of appellant and

to prevent the sale of the property thereunder and that therefore the petition was not filed in good faith. It was said to be defective in that there was no definite plan for reorganization. It was contended that the stay was improvidently entered in that the district court had no jurisdiction of the subject matter in view of the final decree of the state court and the lis pendens entered on the foreclosure action; because the petition for reorganization had not been approved nor had a trustee been appointed when the stay order was granted; because the mortgagors in the mortgage of appellant were individuals not before the court as debtors; and because the conveyance of the property by them to the 95th Street Center, Inc. was without consideration. Appellant represented that the stay would result in loss of $800 per month to it in interest and taxes. The court denied this motion on February 5, 1962 and this appeal followed

The petition for reorganization was approved by the court on February 20, 1962 by an order also appointing a trustee, authorizing him to manage the property of the debtors, restraining the institution of prosecution in any court of any action or proceeding against the debtors, and requiring the trustee to submit a plan of reorganization, readjustment or liquidation on or before April 13, 1962.

The trustee has filed a motion in this court to dismiss the appeal as frivolous on the ground that the question presented is moot in view of the order of approval. It is his position that appellant should appeal from that order, contending that it superseded the orders here involved. We deny this motion as being patently without merit and proceed to a consideration of the appeal.

■ Appellant insists that the district court was in error in entering the stay in view of the fact that the lien of the mortgage attached prior to four months before the institution of the petition for reorganization, citing 1 Collier

on Bankruptcy, 14th ed., par. 2.63; Sample v. Beasley, 5 Cir., 1908, 158 F. 607; Straton v. New, 1931, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060, among other authorities. The trustee, responding by brief for appellees, readily concedes that this is so in an ordinary bankruptcy. Ross v. Carey, 5 Cir., 1949, 174 F.2d 872; and see annotation in 40 A.L.R.2d 663. The trustee urges however, and we agree, that the rule is different in proceedings for reorganization under Chapter X of the Bankruptcy Act, as amended. Title 11 U.S.C.A. §§ 501–676. The plain language of § 148 of the Act makes it clear that mortgage foreclosure proceedings are automatically stayed upon the approval of the petition for reorganization. Title 11 U.S.C.A. § 548. See also 6 Collier on Bankruptcy, 14th ed., § 612; In re Maier Brewing Company, S.D.Cal., 1941, 38 F.Supp. 806; and cf. In re Georgian Hotel Corporation, 7 Cir., 1936, 82 F.2d 917; cert. den., Allen v. Georgian Hotel Corporation, 1936, 298 U.S. 673, 56 S.Ct. 939, 80 L.Ed. 1395, approving a stay of a state court foreclosure which had progressed to the entry of a foreclosure decree by the Federal court in a reorganization proceeding under the predecessor Act. § 77B(b), Title 11 U.S.C.A. § 207(b).[1] Here the stay was granted before the petition was approved but this is authorized under § 113, of the Act. 11 U.S.C.A. § 513.[2] Thus, we think it clear, that the district court

was empowered to enter the stay order, assuming other prerequisites of the Act were met.

And this brings us to the next question. It arises by virtue of the allegation by appellant that the petition was not filed in good faith as required under § 146 of the Act. Title 11 U.S.C.A. § 546.[3]

Our court has considered this question on two occasions. In Tucker v. Texas American Syndicate, 5 Cir., 1948, 170 F. 2d 939, without deciding whether the petition filed by the debtor stated the requisite jurisdictional facts, it was determined that it was not filed in good faith and that the holding by the district court to the contrary was clearly erroneous. It appeared that the market value of the property was sufficient to pay debts although there was no money on hand with which to pay the debts. It was not shown that an effort had been made to borrow money to meet the maturing obligations, but it was shown that the cash on hand had been used to pay debts that were not due and to make unnecessary improvements. The only debts due were inconsequential in comparison with the admitted assets and income of the debtor.

Then, in Caplan v. Anderson, supra, the trustee under two ship mortgages covering four ships petitioned the district court to vacate a stay enjoining the

1. "§ 548.
    "Until otherwise ordered by the judge, an order approving a petition shall operate as a stay of a prior pending bankruptcy, mortgage foreclosure, or equity receivership proceeding, and of any act or other proceeding to enforce a lien against the debtor's property."

2. "§ 513.
    "Prior to the approval of a petition, the judge may upon cause shown grant a temporary stay, until the petition is approved or dismissed, of a prior pending bankruptcy, mortgage foreclosure or equity receivership proceeding and of any act or other proceeding to enforce a lien against a debtor's property, and may upon cause shown enjoin or stay until the petition is approved or dismissed the commencement or continuation of a suit against a debtor."

3. "§ 546.
    "Without limiting the generality of the meaning of the term 'good faith', a petition shall be deemed not to be filed in good faith if—
    "(1) the petitioning creditors have acquired their claims for the purpose of filing the petition; or
    "(2) adequate relief would be obtainable by a debtor's petition under the provisions of chapter 11 of this title; or
    "(3) it is unreasonable to expect that a plan of reorganization can be effected; or
    "(4) a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding."

enforcement of liens upon the property of the debtor, and to obtain leave to foreclose the mortgages. The appeal was from the denial of the motion which recited that the mortgage creditor was amply secured and was not being harmed. The mortgagee contended that the proceeding had been pending for nine months, that no plan for reorganization had been submitted nor was there any possibility for a successful plan of reorganization. It appeared that there had been no hearing on the question of good faith and we reversed with direction that an immediate and full hearing on the motion be had, and with the stay to be vacated unless immediate and satisfactory provision was made for the protection and satisfaction of the debt, or in the absence of a clear showing that the rights of the mortgage holder would not be affected by further delay.

These cases demonstrate that good faith in filing, or in the continuance of the proceeding, is a question to be carefully considered by the trial judge. Collier states the rule as follows:

"Section 146 provides four specific negative tests * * * which may be applied to determine whether a petition is filed in good faith. But the section expressly provides at the outset that the generality of the term is not limited to these four provisions. Consequently, the statutory enumeration, while inclusive, is not exclusive; the judge, in the exercise of a sound discretion, may enlarge it. * * *

"In all cases the burden is on the petitioners to satsify the judge that the petition has been filed in good faith. * * * A finding of good faith is a finding of fact to be made by the judge, and it will not be reversed on appeal unless clearly erroneous * * *." 6 Collier on Bankruptcy, 14th Ed., § 6.07(1), pp. 1768, 1769.

Here, we are without benefit of findings of fact on the question of good faith. The stay contained none. The order of denial is simply that. The later order approving the petition for reorganization states:

"Said Petition be and it is hereby approved as properly filed under Chapter X of the Bankruptcy Act, and it is hereby determined that said Petition has been filed in good faith. However, if it subsequently appears to the Court at any time that the Petition was not filed in good faith, or that the proceedings thereunder are not being continued in good faith, the Court reserves the right to dismiss the Petition or to adjudicate the debtor in bankruptcy without notice to any person."

We could remand at this point in order that findings to support the determination may be made. Rule 52(a), Fed.R.Civ.Procedure; Mayo v. Lakeland Highlands Canning Company, 1940, 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774; and Leatherhide Industries, Inc. v. Lieberman, 2 Cir., 1958, 261 F.2d 560. But we think good judicial administration as it pertains to this case indicates that we comment on the record as we have it and the applicable law.

We have found no case where individuals, owing no debts except that secured by the mortgage, have been permitted to put their property, along with that of a corporation which they own, into another corporation to be controlled by them for the purpose of utilizing Chapter X of the Act. The individuals are not indebted to the petitioning creditors nor was their property, the title to which is now vested in one of the debtors, or any equity in it, subject to any claim of the petitioning creditors. It was subject only to the claim of appellant. It has, in end effect, been taken, albeit temporarily, from appellant by the district court and made available to creditors of another. The individual mortgagors did not choose to take advantage of Chapter XII of the Act—providing for real property arrangements. Title 11 U.S.C.A. §§ 801–926. That chapter has obvious disadvantages when compared to the plan now before the

court, as for example the bond requirements. What this case presents is the joinder or merger of property of individuals with that of a corporation owned by them through a conveyance to a new corporation, also owned by them, and a reorganization at the instance of creditors of the old corporation only. Absent some overwhelming factor or factors not now in the record before us, we do not believe that this accords with any reasonable standard of good faith insofar as appellant and the property of the individuals under mortgage to him is concerned.

■ It cannot be disputed that the debtor, 95th Street Center, Inc., was organized and the property conveyed to it for the sole purpose of reorganization and thereby to avoid, among other things, the foreclosure by appellant. In considering the presence or absence of good faith, it must be borne in mind that the Act is not to be abused by the extension of its privileges to those not within the contemplation of it, such as where individual debtors convey their property to a corporation for the purpose of utilizing Chapter X proceedings. This is a sound rule, amply supported by authorities having to do with proceedings by way of an equity receivership, Shapiro v. Wilgus, 1932, 287 U.S. 348, 53 S.Ct. 143, 77 L.Ed. 355, 85 A.L.R. 128 and under former § 77B of the Act, Milwaukee Postal Building Corporation v. McCann, 8 Cir., 1938, 95 F.2d 948; In re North Kenmore Building Corporation, 7 Cir., 1936, 81 F.2d 656 and In re Francfair, Inc., S.D.N.Y. 1935, 13 F.Supp. 513. Contra: In re Loeb Apartments, 7 Cir., 1937, 89 F.2d 461. See 6 Collier on Bankruptcy, 14th Ed., § 6.07 (2), pp. 1772–1773.

■ The rationale of these authorities is fully applicable to Chapter X proceedings, and in none are the facts militating against good faith as extreme as those now under consideration. Nevertheless, the determination of good faith, as stated, rests with the district court. It may be that such a determination, based as it must be on adequate findings, can be sustained but in no event should we pass on the question at this time.

■ We reverse for findings on that question as the petition for reorganization and the subsequent proceedings relate to the mortgage of appellant. Of necessity, this question must be considered separately notwithstanding the fact that the property covered by that mortgage and owned by the individuals has now become a part of the over-all corporate reorganization effort. It should be a simple matter to unravel the tangle in the event the district court should find that the filing, or the continuance of the proceeding, as to this phase of the transaction was not or is not in good faith. The determination may be made on the present record or on both the present record and additional evidence, all as the discretion of the trial court dictates. Rule 59(a), Fed.R.Civ.P.; and Aetna Insurance Company v. Paddock, 5 Cir., 1962, 301 F.2d 807.

The further proceedings in this matter should be promptly had to the end that the stay may be dissolved and appellant be permitted to proceed with foreclosure in the event it should appear that the requisite good faith is absent.

Reversed and remanded for further proceedings not inconsistent herewith.