In the Matter of METROPOLITAN REALTY CORPORATION.

Metropolitan Realty Corporation, Petitioner-Appellant.

No. 30118
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1970.

Rehearing Denied Nov. 17, 1970.

Franz Joseph Baddock, Baton Rouge, La., for appellant.

No appearance for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

The Metropolitan Realty Corporation appeals from a judgment of the district court dismissing its petition for reorganization filed, under Chapter X of the Bankruptcy Act, 11 U.S.C. § 501, et seq. We affirm.

The case arose out of the efforts of a developer, Al H. German, in 1968 and 1969 to secure financing for a project in Baton Rouge, Louisiana, known as the Prince Murat Inn. The Prudential Insurance Company was to provide the long-term financing. The Fidelity National Bank of Baton Rouge supplied interim financing and received four mortgages in the amounts of $344,000, $1,700,000, $600,000, and $755,865.35. The funds obtained from the bank were evidently insufficient to pay creditors who had furnished building materials and supplies. At the time the petition for reorganization was filed, unpaid liens on the property totalled $626,211.30.

The bank attempted to foreclose on its four mortgages in a Louisiana state court proceeding. Shortly thereafter, an involuntary petition in bankruptcy was filed against German in the federal district court. Hoping to obtain the benefits of Chapter X of the federal Bankruptcy Act, German on May 1, 1970, transferred the Prince Murat Inn to the Metropolitan Realty Corporation, a shell corporation organized solely as a medium

through which he might qualify for Chapter X treatment. On May 5, 1970, Metropolitan Realty filed its petition for reorganization in the United States District Court for the Eastern District of Louisiana. Judge West presented the petition to a referee in bankruptcy, Harvey H. Posner. The following day, on the authority of Milwaukee Postal Bldg. Corp. v. McCann, 8 Cir. 1938, 95 F. 2d 948, and Mongiello Bros. Coal Corp. v. Houghtaling Properties, Inc., 5 Cir. 1962, 309 F.2d 925, referee Posner recommended that the petition be dismissed. On May 6, 1970, Judge West entered the following order:

> Absent any affirmative showing that the foregoing petition for reorganization under Chapter X of the Bankruptcy Act of Metropolitan Realty Corporation was filed "in good faith" within the purview of Sections 141 and 146 of said Act,
>
> IT IS ORDERED that said petition, filed herein on May 5, 1970, be and it is hereby dismissed.

At 10:00 a. m. on the same day, the Sheriff of East Baton Rouge Parish sold the Prince Murat Inn, in a foreclosure sale, to the Fidelity National Bank, the foreclosing creditor, for $2,200,000. The sale brought an insufficient amount to pay all creditors.

Metropolitan Realty now appeals to this Court on the ground that the district court erred in dismissing its petition before a plan for reorganization could be proposed without affording a hearing to creditors including the Internal Revenue Service, and without filing findings of fact and conclusions of law in accordance with Rule 52(a) of the Federal Rules of Civil Procedure. We cannot agree.

■ Section 141 of the Bankruptcy Act, 11 U.S.C. § 541, allows the district judge to enter an order approving the petition of a debtor only if he is "satisfied that [the petition] complies with the requirements of this chapter and has been filed in good faith." The judge must dismiss the petition if he is not so satisfied. Thus the burden is on

the petitioner to convince the district court that the petition for reorganization has been filed in good faith. Marine Harbor Properties, Inc. v. Manufacturer's Trust Co., 1942, 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64; Mongiello Bros. Coal Corp. v. Houghtaling Properties, Inc., 5 Cir. 1962, 309 F.2d 925, 929; In re Plaza Towers, Inc., E.D.La.1967, 294 F.Supp. 714, 720.

■ "Good faith" implies an honest intent and genuine desire on the part of the petitioner to use the statutory process to effect a plan of reorganization and not merely as a device to serve some sinister or unworthy purpose. In re Southern Land Title Corp., E.D.La.1968, 301 F.Supp. 379, 428; 6 Collier on Bankruptcy § 6.07 [2], at 1025–26 (14th ed. 1969). Section 146 of the Bankruptcy Act, 11 U.S.C. § 546, provides four indicia by which a court may determine whether a petition for reorganization has been filed in good faith. But the statute expressly states that the generality of the meaning of the term is not to be limited by the enumeration. Indeed, the generality of the term provides the bankruptcy court with a useful means of preserving the reorganization process for those cases for which it was actually intended. 6 Collier on Bankruptcy § 6.07 [1], at 1018–19 (14th ed. 1969). Thus, in Milwaukee Postal Bldg. Corp. v. McCann, 8 Cir. 1938, 95 F.2d 948, the court held that a petition was not filed in good faith when an individual debtor had formed the petitioning corporation and conveyed his property to it solely for the purpose of utilizing the reorganization provisions of the Bankruptcy Act. In Mongiello Bros. Coal Corp. v. Houghtaling Properties, Inc., *supra*, the debtor corporation had been formed for the sole purpose of seeking reorganization and thereby avoiding foreclosure by a mortgagee in a state court proceeding. Approving the rule in *McCann*, Judge Bell wrote,

> In considering the presence or absence of good faith, it must be borne in mind that the Act is not to be abused by the extension of its privileges to those not

within the contemplation of it, such as where individual debtors convey their property to a corporation for the purpose of utilizing Chapter X proceedings.

309 F.2d at 930. *See also* In re North Kenmore Bldg. Corp., 7 Cir. 1936, 81 F.2d 656, 657.

■ Metropolitan Realty has admitted both in its petition for reorganization and in its appellate brief that it was formed solely as a medium by which the individual debtor German could obtain Chapter X relief. Chapter X was enacted for the purpose of facilitating the reorganization and rehabilitation of going corporate businesses. *See* In re Western Tool & Mfg. Co., 6 Cir. 1944, 142 F.2d 404, 409. It has nothing to do with the situation in which the debtor is an individual. Milwaukee Postal Bldg. Corp. v. McCann, 8 Cir., 95 F.2d 948, 950. Under the rule of *McCann* and *Mongiello Bros.* the district court had no choice but to dismiss the petition. The petitioner not only failed to sustain his burden of showing good faith but also admitted the facts effectively precluding the court from approving his petition.

■■ Nevertheless, Metropolitan Realty argues that the district court should not have dismissed the petition without a hearing before a plan for reorganization could be proposed. It contends that the summary action of the district court directly conflicts with this Court's decision in R. L. Witters Associates, Inc. v. Ebsary Gypsum Co., 5 Cir. 1938, 93 F.2d 746. In that case Judge Hutcheson wrote that

> if it is clear that under no reasonable possibility can the debtor conform to and obtain the benefits of the statute, and that therefore the petition was manifestly filed, if by the debtor, for delay, * * * the petition may be dismissed before the plan stage is reached, as wanting in the good faith the statute requires. Under that rule, where the good faith of the filing is attacked, before the plan stage has been reached, unless the impossibility of

conforming to and obtaining the benefits of the statute clearly appears, the petition should not be dismissed as not filed in good faith. It should be retained, and questions of plan and reorganization worked out in the thorough and complete way the statute provides for later steps in the proceedings.

93 F.2d at 748-749. We believe that the district court's action does no violence to the holding in *Esbary*. In the instant case the impossibility of Metropolitan Realty's conforming to and obtaining the benefits of the statute affirmatively appeared in the petition itself. Because of the admittedly tainted circumstances in the formation of the corporation, which would have in any eventuality precluded a finding of good faith, there was no reason for the court to delay until a plan for reorganization could be submitted. As soon as the lack of good faith affirmatively appeared, the district court acted properly in dismissing the petition even though the plan stage had not been reached. First National Bank of Wellston v. Conway Road Estates Co., 8 Cir. 1938, 94 F.2d 736, 739. Similarly there was no need for a hearing when the dispositive facts plainly appeared on the face of the petition itself. Leas v. Courtney Co., 4 Cir. 1958, 261 F.2d 13, 15; Arey & Russell Lumber Co. v. American National Bank & Trust Co., 4 Cir. 1953, 201 F.2d 508, 509. *See also* Southern Land Title Corp. v. Mitchell, 5 Cir. 1967, 375 F.2d 874, 877.

■■■ Finally, there is no merit to Metropolitan Realty's contention that we must reverse the order dismissing its petition because of the failure of the district court to file formal findings of fact and conclusions of law as is required by Rule 52(a) of the Federal Rules of Civil Procedure. The purpose of Rule 52(a) "is to aid the appellate court by affording it a clear understanding of the ground or basis of the decision of the trial court". S. S. Silberblatt, Inc. v. United States for Use and Benefit of Lambert Corp., 5 Cir. 1965, 353 F.2d 545, 549; 2B W. Barron & A. Holtzoff,

**680**

Federal Practice & Procedure § 1121, at 481 (Wright ed. 1961). When, as here, there are no genuine material factual issues presented, specific findings of fact and separate conclusions of law are not required. *See* In re Woodmar Realty Co., 7 Cir. 1967, 384 F.2d 776, 780. From the recommendation of the referee in bankruptcy and the court's written order, we have no trouble in determining the basis of the court's decision.

Therefore, the judgment of the district court dismissing the petition for reorganization of the Metropolitan Realty Corporation is

Affirmed.