**In re AVAN, INC. an Oregon corporation, Debtor.**

**MORTGAGE BANCORPORATION, an Oregon corporation, Plaintiff,**

v.

**AVAN, INC., Defendant.**

**In re MALIA, INC., Debtor.**

**MORTGAGE BANKTRUST, an Oregon Investment Trust, Plaintiff,**

v.

**MALIA, INC., Defendant.**

**Bankruptcy Nos. 382–02214, 382–02215. Adv. Nos. 82–0687, 82–0681.**

United States Bankruptcy Court, D. Oregon.

Nov. 8, 1982.

William C. Crothers Jr., Salem, Or., for plaintiff.

Carlton D. Warren, Portland, Or., for defendant.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

The above-captioned cases and proceedings arose out of transactions wherein one Howard A. Pohrman as a principal of a corporation which was the general partner in limited partnerships caused the general partner to transfer the assets of the partnership to a debtor corporation of which Pohrman was the principal and sole shareholder while foreclosure proceedings were

pending against real properties of such limited partnerships. The matters involved common parties, counsel and issues and were consolidated for trial.

Motions to dismiss have been filed by the holders of the trust deed in each of the cases on the ground that the property transfers to the debtors and the filings of the Chapter 11 cases are bad-faith filings, and the movant alleges that the best interests of creditors will be served by dismissal.

The report of operations of the debtor, Malia, Inc., which was transferee of the property of Crimson Park of Oreg. Ltd., showed no business operations, no income and no expenses other than unpaid attorney's fees. The reports of operations by the debtor Avan, Inc., transferee of the property of the limited partnership entitled Howard Pohrman & Associates, Inc., (because that corporation was the general partner of the limited partnership) shows also for September no business operations, no income and no expenses other than unpaid attorney's fees. The August reports show only the transfers of the properties from the respective partnerships to the debtor corporations. Thus, the transferee debtors are corporate shells formed only for the purpose of filing the Chapter 11 proceedings to delay the pending foreclosures.

It is noteworthy that the effect of the transfers by Pohrman as principal of the corporate general partner or as general partner of limited partnership property to corporations of which he is the sole stockholder may impact the interests of the limited partners who are nowhere named in the schedules of the transferee corporations either as creditors or equity holders of the new debtor corporations.

It is also noteworthy that Howard Pohrman did not appear at trials and his son, David Pohrman, was called as a witness professing limited knowledge of his father's transaction intracacies, but acknowledging that his father's interests involved other limited partnership organizations which were possibly being isolated from the business organizations involved in these proceedings.

The so-called "new entity syndrome" applicable to these cases has developed as case law which leads to the conclusion that such transfers are not universally subject to dismissal as bad-faith filings, but are subject to close scrutiny and should not be allowed if detrimental to unsecured creditors, or, if as in this case, the transfers may result in potential elimination of or detriment to interests of limited partners in a partnership in which the general partner has in effect chosen to transfer the assets to himself. Such limited partners have not been named in the schedules of the debtors in these proceedings, and not been made party thereto. The limited partnership agreements have not been provided for the record, but this Court will not be used as a vehicle to carry a questionable transfer which on its face could involve questionable purpose without showing of any valid reason for its being done. There is no showing in the record of the reason for transfers, nor why the partnerships could not have filed the proceedings themselves, thereby avoiding the problems of possible isolation of assets, and transactional detriment to the parties and creditors.

As the court said in a comparable situation in *In re Dutch Flat Inv. Co.,* 6 B.R. 470 (Bkrtcy.N.D.Ca.1980):

"4. There is no reasonable probability of a plan of arrangement being proposed and confirmed in that the sole creditor is the moving party herein and is fully secured, thus has no reason to consent to any arrangement and is expressing its adamant opposition to the proceedings. "The court concludes that both cases should be dismissed to prevent further misuse of the Chapter 11 remedy by debtors which are not bona fide business organizations filing for the purpose of accomplishing rehabilitation and reorganization of viable ongoing businesses, particularly where debtors have elected not to submit the actual entities in interest to the jurisdiction of the court thereby isolating the entities in interest from scrutiny and control of the court during the proceedings.

"[2] The primary basis for the foregoing conclusion is that under its general equitable powers and responsibilities this court should act to prevent abuse of its jurisdiction and misuse of a remedy provided by the Bankruptcy Code. 11 U.S.C. Section 105 and 28 U.S.C. Section 1481. Many cases have held that dismissal is proper when a dummy entity is created for the purpose of obtaining a stay. For example, see *Ins Re: PM Properties, a Limited Partnership,* 3 B.C.D. 126 (C.D. Ca.1977); *In Re: Mallard Associates,* 463 F.Supp. 1259 (S.D.N.Y.1979); *In Re: Joseph Mass,* 2 B.C.D. 973 (D.Ma.1976); *Mongiello Brothers Co. v. Houghtaling Properties,* 309 F.2d 925 (5th Cir.1962); *Milwaukee Postal Building Co. v. McCann,* 95 F.2d 948 (8th Cir.1938). The court concurs with Judge Norton's conclusion that the law in this regard is in no way changed by the Bankruptcy Reform act of 1978. *In Re: Northwest Recreational Activities, Inc.,* 4 B.R. 36, 6 B.C.D. 164 (Bkrtcy.N.D.Ga.1980).

"[3] Dismissal also is called for upon the ground that debtors cannot propose a plan which has a reasonable possibility of confirmation. While it is true that normally dismissal should not be ordered prior to the proposal of a plan and action upon it by creditors, *Sumida v. Yumen,* 409 F.2d 654 (9th Cir.1969), in this case debtors concede that the entire secured debt is due and payable and that the only plan which could be proposed would be payment in full. Under such circumstances, the maintenance of Chapter 11 proceedings is unnecessary and they should be dismissed. 11 U.S.C. Section 1112(b)(2); *In Re: Northland Construction Co.,* 2 B.C.D. 1598, Aff'd 560 F.2d 756 (7th Cir.1977); *Mongiello Brothers Co. v. Houghtaling Properties,* 309 F.2d 925 (5th Cir.1962); *Milwaukee Postal Building v. McCann,* 95 F.2d [948,] 949 (8th Cir.1938); *Northwest Recreational Activities, Inc.,* 4 B.R. 36, 6 B.C.D. 164 (Bkrtcy.N.D.Ga. 1980)."

The Court finds that the record supports the allegation of a creditor moving for dismissal of each of the Chapter 11 cases, and that the filings are not in good faith. Lack of good faith filing has been stated to be a cause for relief from automatic stays. See *In re Victory Const. Co. Inc.,* 9 B.R. 549 at 560 (Bkrtcy.C.A.Ca.1981). Dismissal of the case, however, will terminate the stays.

On the record, therefore, the issues relating to the relief from stay in the adversary proceedings become moot and the Court need not resolve the conflicting testimony as to value of the lots in each of the cases which ranged from no equity to equity of several thousand dollars. There is no other available property to protect the secured creditor after months of default, ongoing interest and charges eroding the equity cushion if any there be. Because the Court has concluded that the cases should be dismissed and there is therefore no reasonable basis of reorganization, relief is granted from the automatic stays.

This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of Law and pursuant to Bankruptcy Rule 752 they will not be separately stated.

Separate Judgments and Orders consistent with this Opinion will be entered with each party to bear its own costs and attorney's fees.