### In re EAST BOSTON COAL CO.
#### No. 10032.

District Court, M. D. Pennsylvania.
Jan. 16, 1940.

Stephen A. Teller and R. Lawrence Coughlin, both of Wilkes Barre, Pa., for petitioners.

David H. Frantz, of Philadelphia, Pa., Ralph W. Rymer, of Scranton, Pa., and E. F. McGovern, of Wilkes Barre, Pa., for respondent Reconstruction Finance Corporation.

Ralph W. Rymer and Ralph T. Lynch, both of Scranton, Pa., for respondent Luzerne Anthracite, Inc., intervenor.

WATSON, District Judge.

This case is before the Court to determine whether the petition for reorganization of the alleged debtor corporation should be approved or dismissed.

Four creditors of the East Boston Coal Company filed a petition under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., on September 15, 1939 for the re-

812

organization of the East Boston Coal Company. Answers to this petition were filed by the Reconstruction Finance Corporation and Luzerne Anthracite, Inc., and a number of hearings were held and testimony taken upon the issues raised by the petition and answers.

From the testimony so taken, the Court finds that the petitioning creditors have claims amounting in the aggregate to more than $5,000, liquidated as to amount and not contingent as to liability; that the East Boston Coal Company (hereinafter called the Debtor) is a corporation organized under the laws of the State of Pennsylvania, with its principal place of business at Kingston, Luzerne County, Pennsylvania; that the Debtor is unable to pay its debts as they mature; that the Debtor's assets, if liquidated over a period of from five to ten years, have a value of approximately $2,-000,000; that the Debtor has leased almost all of its real property and machinery to Luzerne Anthracite, Inc.; that the Reconstruction Finance Corporation (hereinafter called the RFC) has a mortgage on substantially all of the property of the Debtor; that the Debtor has a total outstanding indebtedness of approximately $850,397.86; that the RFC has instituted proceedings for the sale of the Debtor's property to satisfy the Debtor's obligations to it; and that the creditors' petition as amended was filed in good faith.

The evidence submitted by the petitioning creditors amply supported the allegations of their petition, and the remaining question to be decided by the Court is, whether or not it is unreasonable to expect that a plan of reorganization can be effected.

Counsel for the RFC stated to the Court that he was authorized by the RFC to say that the RFC will not approve any plan which does not contemplate immediate payment of its claim in full. It is also apparent that such payment cannot be made. The Court, in fairness to the RFC, does not wish to intimate in any way that it attributes to the RFC any decision of such an arbitrary nature. However, in view of the insistence by counsel that this is the position taken by the RFC, the Court, for the purpose of this discussion, will assume that the RFC has taken this position.

It is clear that the RFC must be placed in a class separate from all other classes of creditors and, therefore, any plan must be accepted by the RFC which affects it and does not provide adequate protection for the realization by it of the value of its claims against the property dealt with by the plan and affected by its claims.

The testimony in this case shows that the assets of the Debtor are such that a plan of reorganization would be for the best interest of the creditors. The sole question which was raised in the oral arguments was whether or not the fact that a creditor who must be classed separately from all other creditors can, by his statement that he will not approve any plan which may be proposed, compel the Court to dismiss a petition for reorganization. The RFC contends that under such circumstances, the petition must be dismissed. With this contention the Court cannot agree. Such a ruling would prevent all possibility of reorganization in any case in which a large creditor, in the early stages of the proceedings and before a plan is proposed, decides to stop the proceedings which eventually might result in a plan satisfactory to him and quite beneficial to other creditors. It is important to note that no plan has been submitted to the Court for approval as yet in these proceedings, and that the plan which was offered in evidence was submitted solely at the request of the Court in order that the Court might better understand the facts of the case.

■ It is the conclusion of this Court that where it appears that the assets of the debtor corporation are such that a forced sale would realize sufficient funds to pay the preferred creditor in full, and little if anything to the general creditors, and where it also appears that the continuation of the Debtor's business under a plan of reorganization might bring sufficient money into the estate to pay not only the preferred creditor in full but to pay also the claims of the general creditors either in full or very nearly so, the mere fact that the preferred creditor arbitrarily states that he will not accept any plan which may be submitted is not alone sufficient cause to compel the denial to the debtor of the right of proposing a plan which the preferred creditor, in a more reasonable mood, may accept. Such is the case now under consideration.

■ There is a further and possibly a more important reason why the Court should refuse to dismiss this petition. The amount of the RFC's claim against the Debtor is now in dispute and legal pro

ceedings have been instituted and are now pending in this Court to reduce materially the amount which the RFC claims as due and owing to it. It is possible that, if the claim of the RFC is so reduced, a plan of reorganization may be prepared which will comply with the provisions of Section 216 (7) of the Bankruptcy Act, 11 U.S.C.A. § 616(7), and avoid the necessity of acceptance of the plan by the RFC.

Under all the facts of this case as heretofore outlined, the Court does not and cannot find that it is unreasonable to expect that a plan of reorganization can be effected. The Debtor has valuable although frozen assets, and the Court feels that the creditors should have an opportunity to protect their interests through the proposal of a plan of reorganization even though this opportunity may result in inconvenience and annoyance to one large creditor.

The affairs of the Debtor are such that there is little if any possibility of the assets of the Debtor being wasted, and it is within the power of the Court, and this power will be exercised, to prevent the dissipation of the assets of the Debtor through large administration costs. Therefore, little if any prejudice to the RFC is possible and the general creditors are given an opportunity to realize substantial benefits from the approval of the Creditors' petition.

The petition for relief under Chapter X of the Bankruptcy Act filed in the above entitled case is hereby approved.

Any order in addition to the approval of the petition, and authorized by Chapter X, may be submitted by the parties.