AREY & RUSSELL LUMBER CO., Inc. v. AMERICAN NAT. BANK & TRUST CO. OF DANVILLE, VIRGINIA.

No. 6524.

United States Court of Appeals Fourth Circuit.

Argued Jan. 14, 1953.

Decided Jan. 15, 1953.

5. 4 Moore's Federal Practice, par. 2508, 2nd Ed.; Sumpter Lumber Co. v. Sound Timber Co., 9 Cir., 257 F. 408

Israel Steingold, Richmond, Va. (Samuel A. Steingold and Maurice Steingold, Norfolk, Va., on the brief), for appellant.

Edwin B. Meade, Danville, N. C. (Meade, Talbott & Tate, Danville, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., on the ground that it was not filed in good faith. The indebtedness of petitioner consisted of taxes due the United States amounting to $4,042, unsecured claims of approximately $5,232 and a debt of $12,400 due the American Bank and Trust Company of Danville, Va. secured by a deed of trust on its plant. The property had been advertised for sale under this deed of trust when petitioner, for the purpose of delaying the sale, filed a petition for an arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C.A. § 801 et seq. This petition was dismissed on August 18, 1952, on the ground that petitioner was a corporation. At the time of the hearing on the petition it was shown that petitioner had offered to sell the property covered by the deed of trust for the sum of $50,000. As a result of the filing of the Chapter XII proceeding the sale under the deed of trust was not held as advertised but, upon the dismissal of that proceeding, the trustee under the deed of trust again advertised the property for sale, and petitioner promptly filed a petition for reorganization under Chapter X of the Bankruptcy Act, setting forth the indebtedness above mentioned and listing as assets property which it valued in its schedules at $290,314.40.

We think that the petition was properly dismissed as not having been filed in good faith. The manifest purpose of the filing was to obtain just such an extension of the indebtedness secured by the deed of trust as had been sought in the Chapter XII proceeding and which Congress had seen fit to deny to corporate debtors. Since the entire secured indebtedness was held by a single creditor that had clearly indicated that it would not grant any extension, it was unreasonable to expect that a plan of reorganization could be effected. 11 U.S.C.A. § 546(3). There was manifestly no occasion to adopt a plan of reorganization with respect to the unsecured indebtedness or the tax claims due the government and no reason to think that the secured creditor would consent to any extension or shaving of its debt. Petitioner complains that the District Judge did not set the case down for hearing and receive evidence bearing on the question of good faith; but there was no occasion for such hearing when the determinative facts appeared from the face of the petition itself or from the record in the Chapter XII proceeding, of which the court could take judicial notice.

Affirmed.