**A. Robert LEAS, Appellant,**

v.

**COURTNEY COMPANY, a corporation, Appellee.**

**In the Matter of NATIONAL DEVELOPMENT CORPORATION, Debtor.**

**No. 7740.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1958.

Decided Oct. 20, 1958.

**14**

J. B. Fisher, Charleston, W. Va. (Morgan V. Martin, Martinsburg, W. Va., on brief), for appellant.

Robert S. Spilman, Jr., Charleston, W. Va. (Frederick L. Thomas, Jr., and Spilman, Thomas, Battle & Klostermeyer, Charleston, W. Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

HARRY E. WATKINS, District Judge.

This is an appeal from a final judgment of the United States District Court for the Southern District of West Virginia granting a motion for summary judgment dismissing, as not having been filed in good faith, a petition for the reorganization of a corporation under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Appellant urges that issues of fact exist which preclude summary judgment, and require the hearing of evidence by the lower court. We find no merit in this contention and feel the petition was properly dismissed.

Appellant and two other alleged creditors petitioned for a reorganization of the National Development Corporation, a company engaged in the operation of coal properties in southern West Virginia. The petition alleged that this debtor's cash on hand was insufficient to meet current liabilities; that all of its property was subject to a purchase-money deed of trust securing a $400,000 promissory note, upon which the debtor was in default and upon which foreclosure proceedings had been begun; that the debtor was in danger of losing all its assets; and that corporate reorganization was necessary to revise the capital structure of the company, readjust the secured indebtedness, and reduce and extend interest and amortization payments thereon. Appellee, who had sold the debtor coal lands which made up virtually all the debtor's assets and who was the beneficial owner of the purchase-money deed of trust, made a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., asking the court to dismiss the petition. In support of its motion, appellee filed an affidavit signed by its vice president, who is also one of two substantial stockholders in the appellee company, setting forth that for various reasons appellee would not consent to any reorganization of the debtor. Appellant made a motion under Rule 12(f) of the Federal Rules of Civil Procedure to strike the motion for summary judgment.

The District Court had a hearing on these motions, and found: (1) that no genuine issue as to any material fact before the court existed, and (2) that under Sec. 146 of the Bankruptcy Act, 11 U.S.C.A. § 546, the petition was not filed in good faith. The motion of the Courtney Company for summary judgment dismissing the petition was granted; the petition for reorganization was dismissed; and the stay of foreclosure proceedings granted by order of June 5, 1958, was dissolved. Section 146 reads in part:

"Without limiting the generality of the meaning of the term 'good faith', a petition shall be deemed not

to be filed in good faith—if * * * (3) it is unreasonable to expect that a plan of reorganization can be effected."

Appellant contends here that two issues of fact were raised by the petition and the motion for summary judgment. First, it is pointed out that the parties are in vast disagreement as to the value of the property involved. The court below felt, and we think correctly so, that this is an immaterial issue since whatever the value of the assets, the refusal of appellee to agree to any plan of reorganization effectively bars reorganization. Secondly, appellant argues that whether or not this petition was filed in good faith is a question of fact necessitating the taking of evidence. This same point was disposed of by this Court in Arey & Russell Lumber Co. v. American Nat. Bank & Trust Co., 4 Cir., 201 F.2d 508, 509, a case strikingly similar to the case at bar:

"Petitioner complains that the District Judge did not set the case down for hearing and receive evidence bearing on the question of good faith; but there was no occasion for such hearing when the determinative facts appeared from the face of the petition itself * * *."

Under Sec. 179 of the Bankruptcy Act, 11 U.S.C.A. § 579, in order for any plan of reorganization to be effected, at least two-thirds of each affected class of creditors must agree to the plan. Here, as shown by the petition, the only secured creditor is the appellee, who objects to any plan of reorganization. Appellant urges that at a full hearing, if one were afforded, the evidence might show that appellee's claim comes within one of the exceptions of Sec. 179 relating to creditors whose claims are *not* affected. But this is a specious argument, for the petition states that the reason reorganization is necessary is to reduce interest and amortization payments on this single secured debt and to extend the time of repayment. Since it appears from the face of the petition that the secured debt will be materially affected, Section 179 is not applicable.

It is irrefutably clear that appellee is a class of creditor in itself; that it would be adversely affected by any reorganization of the debtor; that it will not accept any plan of reorganization; and that it therefore follows that this petition cannot be prosecuted in good faith because, in the language of Sec. 146, "it is unreasonable to expect that a plan of reorganization can be effected."

Affirmed.