**W. D. YORK, Appellant,**

v.

**FLORIDA SOUTHERN CORPORATION**
**et al., Appellees.**

**No. 19867.**

United States Court of Appeals
Fifth Circuit.

Nov. 28, 1962.

Rehearing Denied Dec. 27, 1962.

Robert C. Ward, Miami, Fla., Charles R. Vickery, Jr., and Liddell, Austin, Dawson & Sapp, Houston, Tex., Charles Sapp, Ward & Ward, W. G. Ward, Miami, Fla., for appellant.

Bolles & Prunty, John W. Prunty, Richard M. Winokur, Miami, Fla., for trustee.

Thomas H. Wakefield, Bruce L. Barfield, Henry M. Sinclair, Miami, Fla., David Ferber, Washington, D. C., Peter A. Dammann, General Counsel, Aaron Levy, Assistant Director, Division of

Corporate Regulation, Paul Gonson, Robert W. Cox, Attorneys, Securities and Exchange Commission, Washington, D. C., for other appellees.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

■ This is an appeal by the holder of a second mortgage for $600,000 from two orders of the district court denying his request that the debtor's voluntary petition for reorganization be dismissed for lack of good faith, as defined in Section 146(3) of Chapter X (11 U.S.C. § 546(3)). There having been a public subscription for the stock in the corporation, the Securities & Exchange Commission is a party to the proceedings, pursuant to Section 208 (11 U.S.C. § 608), and it filed its appearance by leave of court prior to the hearing below. The Securities & Exchange Commission supports the view of the appellees that the orders here involved did not constitute an abuse of the district court's discretion.

■ Viewing the facts that are before us without dispute, it appears extremely unlikely, in light of the position taken by the appellant and by the holder of the $1,100,000 first mortgage that they will not consent to any reorganization plan, that a plan of reorganization can be effected. The term "good faith" as used in the Bankruptcy Act is not defined, but Section 146(3), upon which appellant relies, provides that a petition shall be deemed "not to be filed in good faith if * * * it is unreasonable to expect that a plan of reorganization can be effected." Nevertheless it is not the view we hold of the facts that is controlling, but it is the view of the trial court which prevails so long as it is not clearly erroneous.

■ We do not believe that the fact, standing alone, that a class of secured creditors announces in advance that it will not agree to a reorganization plan makes it impossible for a Chapter X reorganization petition to be filed in "good faith." Cf. Arey & Russell Lumber Co. v. American National Bank and Trust Company, 4 Cir., 201 F.2d 508; In re National Development Corp., 4 Cir., 261 F.2d 13, but see Janaf Shopping Center, Inc. v. Chase Manhattan Bank, 4 Cir., 282 F.2d 211, where the Court of Appeals for the Fourth Circuit said:

"We need not in this case go so far as to predicate a finding of lack of good faith within the meaning of the statute upon the expressed opposition of the lien holders. Such opposition is a factor to be weighed unless it is clear that the objecting creditors would not be affected by the plan, *but such opposition is not itself necessarily determinative of the question.*" (Emphasis added.)

Here there was evidence of value adduced upon examination by appellant of an official of the debtor corporation that the property had a value greatly in excess of the two mortgages. While appellant contends that this valuation is fantastic, and while we agree that it appears highly unrealistic in light of other testimony by competent appraisers, we cannot hold that the court's determination that the property was worth substantially more than the mortgages is clearly erroneous, nor, in light of that fact, can we hold that the court's holding that the petition was filed in good faith was clearly erroneous.

As pointed out cogently in the brief of the Securities & Exchange Commission, the fact that the trial court held against appellant on the good faith issue does not mean that the matter can be delayed indefinitely. In point of fact the debtor has now had from May 17th to date to attempt a reorganization. It may well be that when this case is remanded, which we think it should be without delaying it longer for a full scale opinion by this Court, the trial court may well find that any further delay would be unjustified. On the other hand the Court may find that a very short additional delay, to give the debtor an opportunity for the submis-.

sion of a plan, may be warranted. In any event, as the trial court itself said:

"This is a very desperate situation and only by quick action by the stockholders can it be saved."

We conclude that the most appropriate action we can take on the record before us is to permit a prompt determination whether a reorganization can be accomplished, and in default thereof to have the proceedings dismissed. The way to do this is to affirm the judgment of the trial court, which we do. In doing this we think it appropriate to suggest that the trial court expedite in every way possible its determination whether there is reasonable likelihood that a reorganization can be accomplished.

As no supersedeas was granted by the trial court, we assume that proceedings there have not been delayed pending this appeal. It is, therefore, not necessary for us to direct the judgment of this Court be sent down in advance of the normal period for the filing of a motion for rehearing.

The judgment is

Affirmed.