**A–COS LEASING CORPORATION** and
Sarge-Tex Motors Corporation,
Petitioners-Appellants,

v.

**R. F. WHELESS, Jr., Receiver,**
Respondent-Appellee.

No. 27400
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1970.

Alonza O. C. Sargent, Houston, Tex., for petitioners-appellants.

R. F. Wheless, Jr., Houston, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MOR-GAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This is an appeal from a dismissal of a proceeding for reorganization under Chapter X of the Bankruptcy Act. The District Judge appointed "a receiver" upon the application of petitioner. To this Court's knowledge, there is no authority, statutory or otherwise, for the appointment of a receiver in a Chapter X proceeding; rather, this appointee of the Court is denominated a trustee as soon as he is appointed at the outset of the case. This is inapposite to ordinary bankruptcy proceedings, wherein a person appointed to take charge of a bankrupt's assets prior to the first meeting of creditors is called a receiver—the term trustee being used only after the first meeting of creditors. Not so in Chapter X proceedings.

But aside from the proper use of terminology, the issue in this case is whether the lower court should have dismissed the Chapter X proceeding because it was not filed in "good faith." This recommendation was made to the Court by the receiver based on the grounds that the debtor could obtain relief under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. Sec. 701 et seq., and thus the petition for a Chapter X reorganization was not in "good faith"[1] and

---

1. The grounds for approving or dismissing a petition for a Chapter X reorganization are set out in Section 141 of the Bankruptcy Act:
   "Upon the filing of a petition by a debtor, the judge shall enter an order approving the petition, if satisfied that it complies with the requirements of this chapter and has been filed in good faith, or dismissing it if not so satisfied."
   11 U.S.C.A. Sec. 541.

"Good faith" is defined by Section 146 of the Bankruptcy Act:
   "Without limiting the generality of the meaning of the term good faith, a petition shall be deemed not to be filed in good faith if
   (1) the petitioning creditors have acquired their claims for the purpose of filing the petition; or
   (2) adequate relief would be obtainable by a debtor's petition under the provi-

should be dismissed. 11 U.S.C.A. Sec. 541, 546. See also 11 U.S.C.A. Sec. 530.

The lower court gave the debtor permission to amend his original petition and file a Chapter XI. One of the landmark cases as to whether a Chapter XI or Chapter X should be used for the relief of financially distressed debtor corporations is the case of Securities & Exchange Commission v. American Trailer Rentals Co., 379 U.S. 594, 85 S.Ct. 513, 13 L.Ed.2d 510. In this case the opposite situation existed; i. e., a Chapter XI proceeding was filed voluntarily by the debtor, prompting the Securities & Exchange Commission to file a motion under Sec. 328 of the Bankruptcy Act to dismiss the Chapter XI proceeding on the ground that it should have been brought under Chapter X initially. The background and operative procedures of Chapter X and Chapter XI and the inter-relationship between them have been reviewed by the Supreme Court of the United States in S. E. C. v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 and General Stores Corp. v. Shlensky, 350 U.S. 462, 76 S.Ct. 516, 100 L.Ed. 550. We commend the language contained in these cases to the parties.

▬ To a great extent, the question of whether or not a debtor should proceed in Chapter X or in Chapter XI should be addressed to the discretion of its attorney; however, the Congress has set forth certain standards which the District Courts must apply to determine whether Chapter X is the proper avenue to take. The framework of these two chapters are similar in many respects. Both are rehabilitation statutes; both are initiated by petitions; both contemplate the formulation of a plan to extricate a business concern from financial

difficulty; and both require acceptance by creditors before plans can be confirmed. The question of "good faith" is generally determined by the district judge on the facts that are stated in the petition, supplemented by representations of counsel. If the judge is satisfied that the requirements of "good faith" are not met, he may direct a hearing, either formal or informal, upon such notice as he may require. It is well to note that even though the petition is approved by the judge, the creditors, the trustee, or any stockholder (if the debtor is not insolvent) may file an answer controverting the allegations of the petition and may do so up to the date set for this hearing. The hearing must be held not less than 30 days and not more than 60 days after the approval of the petition. If such an answer is filed the judge is then required to hear the issues (without intervention of a jury) and if satisfied that the requirements of the chapter have been met, that the petition has been filed in "good faith," and that the material allegations are sustained by the proof, *again* approve the petition; otherwise he dismisses it.

"Good faith" is not defined in Chapter X. However, Sec. 146 of the Bankruptcy Act states that a petition is not filed in good faith—

> (2) if adequate relief can be obtained under Chapter XI.

▬ If the proceeding is to affect only the rights of unsecured creditors, it should be in Chapter XI. It is only when the capital structure or the rights of secured creditors or stock interests are to be affected that resort should be had to Chapter X. Also, "good faith" is not present if it is unreasonable to expect that a plan of reorganization can be effected. The whole scheme of Chapter

---

sions of chapter 11 of this title; or
(3) it is unreasonable to expect that a plan of reorganization can be effected; or
(4) a prior proceeding is pending in any court and it appears that the in-

terests of creditors and stockholders would be best subserved in such prior proceeding."
11 U.S.C.A. Sec. 546.

X indicates that this test should not bar approval of a petition unless it is abundantly clear that there is no possibility that a plan of reorganization can be effected. In other words, the Court should be "reorganization minded" and not "liquidation minded." Any doubt as to whether a plan can be effected should be resolved in favor of the approval of the petition, as some corporations whose affairs have seemed hopeless at the outset have undergone successful reorganization. In other words, the provisions of Chapter X should be given a sympathetic construction consonant with the relief intended. "PROCEDURAL ASPECTS OF CHAPTER X", Honorable Clive W. Bare, Referee in Bankruptcy, Eastern District of Tennessee; Vol. IV, Proceedings of Fourth Seminar for Referees in Bankruptcy.

■ While this Court is of the opinion that corporate debtors should be given a great deal of leeway in the utilization of the relief provided by Chapter X; nevertheless, when the Court's own appointed disinterested trustee has investigated the debtor's business, his prospects for successful reorganization, and has recommended to the appointing judge that Chapter X would not be the proper vehicle under which to travel; and the district judge, based on these recommendations, concurs; then it is our view that an appellate tribunal should use extreme caution in reversing the District Court.

■ There appears to be one principal secured creditor here, with whom the debtor has had serious difficulty. Arrangements must be worked out between this creditor and the corporate debtor if reorganization is to have a chance. This Court is not disposed to say here that relief cannot be had under Chapter XI; and, therefore, agrees with the District Court that the requirement of "good faith" is missing.

Affirmed.