In the Matter of CORPORACIÓN HOTELERA DE PUERTO RICO (San Jeronimo Hilton), Debtor.

No. B–27–70.

United States District Court, D. Puerto Rico.

Jan. 20, 1971.

Fiddler, González & Rodríguez, San Juan, P. R., for The Chase Manhattan Bank, N. A.

Correa Calzada, Collazo Salazar, Herrero & Lazaro Paoli, San Juan, P. R., for petitioning creditors.

Otero Suro & Otero Suro, San Juan, P. R., for debtor.

Secretary of Justice, San Juan, Puerto Rico, for Secretary of Finance, Commonwealth of Puerto Rico.

Géigel & Silva, San Juan, P. R., for Puerto Rico Industrial Development Co.

O'Neill & Borges, San Juan, P. R., for Amron Credit Corp.

Baker & Woods, San Juan, P. R., for First National Bank of Jefferson Parish.

Segurola & Montalvo, San Juan, P. R., for Manuel San Juan Co., Inc.

Rodríguez-Ema, Rodríguez-Ramón, Beñitez Gautier & Sequeria, San Juan, P. R., for Correa Suarez, Gonzalez Correa & Santos.

McConnel, Valdés, Kelley & Sifre, San Juan, P. R., for Hilton International Co. and Hilton of San Juan, Inc.

## ORDER DISMISSING PETITION & VACATING STAY OF FORE-CLOSURE SALE

DEVITT, Chief Judge, Sitting by Assignment.

In this corporate reorganization case, the issue posed by the creditors' petition for Chapter X relief and the Mortgagees' motions to dismiss is whether the petition has been filed in good faith.

The undersigned exercises authority in this case pursuant to assignment of the Chief Justice of the United States under 28 U.S.C. § 292(c).

On May 21, 1970, in chambers, the parties stipulated to submit the issue on affidavits, counter-affidavits and briefs. Such have been filed and lodged.

The Court has read the complete file, all briefs lodged, and pertinent judicial decisions. Oral argument was heard on this date.

On April 28, 1970 several unsecured creditors filed a Chapter X petition. The debtor's answer does not controvert any material allegations of the petition. The debtor owns one property, the San Jeronimo Hilton Hotel in San Juan. It is leased to the Hilton Hotels International, Inc. The lease runs to 1984. On this date, January 20, 1971, the Court has been informed that Hotelera and the debtor have entered into a stipulation terminating the lease, which termination becomes effective on May 29, 1971. The property is subject to three mortgages totaling about 9½ million dollars. The Chase Manhattan Bank (Chase) is the sole holder of the first mortgage (now 4½ years in default) and, with another, Amron Credit Corp. (Amron), holds more than ⅔ of the beneficial interest in a second mortgage. The First National Bank of Jefferson Parish (Bank) is the holder of a note representing at least ⅔ of the indebtedness secured by the third mortgage.

Chase, Amron and the Bank have all filed motions to dismiss the Chapter X petition of the unsecured creditors.

The statute requires the Court to grant the Chapter X petition "if satisfied" that it "has been filed in good faith" or to dismiss it "if not so satisfied." 11 U.S.C. § 542. Good faith is defined in 11 U.S.C. § 546.

The Court is not so satisfied. It "is unreasonable to expect that a plan of reorganization can be effected" (a good faith test, 11 U.S.C. § 546) in this case because of the stated written opposition of Chase, Amron and the Bank, who hold more than ⅔ in amount of each class of creditors and the acceptance by such a percentage of creditors is a statutory condition to the approval of a reorganization plan. 11 U.S.C. § 579. The opposition of the holders of the three classes of secured debt makes it inconceivable that any plan of reorganization can ever be effected, and hence the good faith requirement of the statute is not satisfied. Leas v. Courtney, 261 F.2d 13 (4th Cir. 1958).

The debtor's present financial state, examined in the light of its previous efforts to obtain refinancing, makes it appear highly unlikely that a new effort at refinancing would be successful. I am satisfied this is not an appropriate case

for corporate rehabilitation under Chapter X.

The petition is dismissed, and the Order Staying Foreclosure of Chase's mortgage, which is dated April 30, 1970, is vacated.

Decision on this issue has been inordinately delayed because of the illness of members of the Court and the unavailability of substitute Judges. In the interest of accommodating the parties to this important matter with announcement of decision as quickly as possible, the Court has necessarily abbreviated its explanation of reasons. Counsel for Chase is requested to submit within 15 days, detailed suggested findings, supported by citations, for the Court's examination and possible use so that a more extensive expression may support and enlighten the decision for the record in the event of appeal.