**In the Matter of AGREGADOS de MANATÍ, INC., Debtor.**

**No. 87-71.**

United States District Court,
D. Puerto Rico.

March 8, 1973.

Rodríguez Ramon, Benitez Gautier & Sequeira, Hato Rey, P. R., for Kane Caribbean.

Otero Suro & Otero Suro, San Juan, P. R., for Agregados de Manatí.

### ORDER

TOLEDO, District Judge.

This cause is at present before the Court upon Kane Caribbean, Inc.'s (hereinafter Kane Caribbean), motion to vacate stay order and request for dismissal of petition.

## FACTS

Debtor herein, Agregados de Manatí, Inc., filed on October 22, 1971, a petition for reorganization[1] under the provisions of Chapter X of the Bankruptcy Act, Title 11, United States Code, Sections 501 et seq.

Debtor operates a sand and gravel processing plant which leases a sand and gravel pit in the Northern Area of Puerto Rico. Its petition for reorganization alleges that it does not have enough working capital to pay its past due obligations, specially some past due installments on the conditional sales contracts for the sand and gravel processing plant,[2] as well as for other equipment used in the operation thereof, and past due installments on the rent of the sand and gravel pit. It alleges that the aforesaid condition developed from the late delivery installation of the sand and gravel processing plant, which event forced petitioner to pay some installments thereon even before the plant was in operation; and forced petitioner to agree to an amendment of the lease of the farm wherein the sand and gravel pit is located, whereunder the royalties to be paid were raised. Poor management by the personnel originally appointed by debtor to direct its operations is further alleged as a cause for its present financial position. Debtor's President personally took charge of management and, as alleged, under his administration, sales and income rose; but, due to the existing indebtedness, debtor was forced to file the petition for reorganization Kane Caribbean moves this Court to dismiss.

Simultaneous with its petition for reorganization, debtor requested from this Court, and obtained ex parte, an order staying Kane Caribbean from further continuing an execution of judgments obtained in repossession suits instituted by said creditor in the Superior Court of the Commonwealth of Puerto Rico pursuant to the Conditional Sales Act of Puerto Rico; specifically staying the public sale of the assets covered by the conditional sales contracts being judicially enforced.

Kane Caribbean, on November 11, 1971, moved to set aside the mentioned stay order and for the dismissal of debtor's petition for reorganization. Memoranda in support and in opposition were filed. Likewise, Kane Caribbean further moved to strike, under Rule 12(f) of the Federal Rules of Civil Procedure, Paragraphs 4, 5 and 7 of debtor's petition to stay suits.

On December 16, 1971, a hearing was held to consider Kane Caribbean's mo-

---

1. The reasons underlying reorganization proceedings have been understood as follows:

    "Reorganization of a corporation in bankruptcy stems from the old reorganization in equity. The purpose of a reorganization proceeding is the modification of the rights of creditors in order to permit an insolvent corporation, wherever possible, to resume operation as a going concern, that is, to bring about some relinquishment of principal, interest, security, or advantage on the part of each creditor in order to relieve the enterprise and allow it to be carried on. As otherwise stated, the underlying purposes of a corporate reorganization are to rehabilitate debtor corporations according to sound business principles, permit them to continue in business, and, at the same time, protect stockholders and creditors to the full extent of the value of their equities and claims." 8 B C.J.S. Bankruptcy § 811, pp. 557–558.

2. Kane Caribbean, movant herein, sold to debtor, under the Conditional Sales Act of Puerto Rico, certain machinery and equipment for use in its sand and gravel operations.

tions. At said hearing, the Court requested filing of briefs solely on the issue of Kane Caribbean's motion to strike. After considerate study, this Court granted on May 24, 1972, Kane Caribbean's motion to strike. See In Matter of Agregados de Manatí, Inc., D.C., 357 F.Supp. 1253. Debtor moved for a reconsideration of said order and on September 1, 1972, the Court denied same.

In the Order denying debtor's motion for reconsideration, the Court set Kane Caribbean's motion to vacate the stay order and for dismissal of petition for reorganization for reargument. Reargument was had on September 1, 1972.

## LEGAL CONSIDERATIONS

Kane Caribbean in its memoranda in support of the present motion, as well as in the hearings had, advanced two propositions:

(1) That proceedings under Chapter X of the Bankruptcy Act were not designed for corporations like debtor herein;

(2) That debtor's petition has not been filed in "good faith" as required under Section 141 of the Bankruptcy Act, for there is no reasonable expectation that a plan of reorganization could ever be effected.

Kane Caribbean's contention that Chapter X proceedings were not designed for corporations like debtor herein is predicated on its assertion that debtor is a one man corporation and that Chapter X of the Bankruptcy Act was not designed and approved to help one man corporation but to protect the interest in publicly held corporations.

The Court believes that the position taken by creditor Kane Caribbean is incorrect. It is apparent that the need of an accounting from management and the advice of a disinterested trustee compel the remedies available under Chapter X unless the statutes require a corporation to demonstrate its legal conformity prior to administration.

The general definition of "corporation" of the Bankruptcy Act applies to debtors liable to reorganization under Chapter X, Title 11, United States Code, Section 506(3) and Section 1(8); Title 11, United States Code, Section 1(8) provides broadly:

" 'Corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument: * * * "

This provision has been given an extensive interpretation by the courts meeting the problem and has been found to provide for bankruptcy and reorganization of de facto corporations. Sylvan Beach, Inc. v. Koch, 8 Cir., 140 F.2d 852; In Re Peer Manor Building Corp., 7 Cir., 143 F.2d 769, 154 A.L.R. 1120, cert. den. Witter v. Nikolas, 323 U.S. 757, 65 S.Ct. 90, 89 L.Ed. 606; cf. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147 and In Re Midwest Athletic Club, 7 Cir., 161 F.2d 1005.

In the present case, the corporation exists as a legal entity and has been doing business as such. There is nothing in the record to indicate that it was formed or continued in its present structure in an attempted fraud on creditors. Corr v. Flora Sun Corp., 317 F.2d 708 (C.A. 5 Cir. 1963); Milwaukee Postal Bldg. Corp. v. McCann, 8 Cir., 95 F.2d 948; Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128.

Debtor is a solely owned corporation with its business enterprise being conducted under its corporate name, thereby being held to be amenable to Chapter X proceedings. Corr v. Flora

Sun Corporation, supra. Nevertheless, the secured creditors will be preserved their rights to apply for dismissal if the evidence is later produced that the corporation was formed or continued in its present structure in an attempted fraud on creditors.

Likewise, as we have said, Kane Caribbean bases its motions under consideration on an assertion that debtor's petition has not been filed in good faith as required by Section 141 of the Bankruptcy Act,[3] for, it asserts, there is no reasonable expectancy that a plan of reorganization could ever be effected.

This assertion is predicated upon Kane Caribbean's allegations that debtor's contract for the processing of sand and gravel has been rescinded as of October 21, 1971, and that, therefore, debtor would not be able to continue its operations; and, furthermore, that the initial opposition by holders of more than two-thirds in amount of secured credits, make it unreasonable to expect that a plan of reorganization can ever be effected, and, hence, the "good faith" requirements of Section 141 of the Act, are not met. The last mentioned argument is based on this Court's decision in the case of In Re Corporación Hotelera De Puerto Rico (D.C.P.R. 1971), 321 F.Supp. 1180, with an unrecorded opinion of February 12, 1971 which supplements the decision already recorded.

With respect to Kane Caribbean's allegations in relation to the rescission of the contract between the debtor and the owner of the farm wherein the sand and gravel pit is exploited, testimonial and documentary evidence was received. The evidence reveals that the rescission of the contract was set aside as of November 18, 1971, with the intention on the part of the farm owner to enter into a new contract as soon as a trustee be named by this Court in the reorganization proceedings. Thereby, movant's argument being defeated, this Court will not inquire further as to this issue.

In view of the above dispositions, the sole issue which remains for our consideration is whether under the doctrine announced by this Court in the case of In Re Corporación Holtelera De Puerto Rico, supra, petitioner complies with the requirement of "good faith" of the Bankruptcy Act. Judge Devitt, sitting by assignment, then speaking for this Court, said in his opinion of February 12, 1971:

"3. This Court is not satisfied that this petition was filed in good faith within the meaning of 11 U.S.C. 546 (3), and, therefore, the petition must be dismissed. It is unreasonable to expect that a plan of reorganization can be effected in this matter for the following reasons:

A. Chase, Amron and the Bank, who would represent more than ⅔ in amount of each class of secured creditors, are opposed to any plan of reorganization. Pursuant to 11 U.S.C. 579, two-thirds in amount of each class of creditors must give their written acceptance of any plan of reorganization before it can be approved. *The opposition to reorganization by Chase, Amron and the Bank, and their expressed refusal to consent to any plan of reorganization which might be proposed, makes it unreasonable to expect any plan of reorganization would ever be effected.* Leas v. Courtney Company, 261 F.2d 13 (4 Cir. 1958); Arey & Russell Lumber Company, Inc. v. American National Bank, 201 F.2d 508 (4th Cir. 1953); Janaf Shopping Center, Inc. v. Chase Manhattan Bank, 282 F.2d 211 (4th Cir. 1960); Manatí Sugar Co. v. Mock, [2 Cir., 75 Federal 284] supra." (emphasis added)

---

3. Section 141 of the Bankruptcy Act reads as follows:
  "Upon the filing of a petition by a debtor the judge shall enter an order approving the petition, if satisfied that it complies with the requirements of this chapter and has been filed in good faith, or dismissing it if not so satisfied."

■ It is well known that the burden is on the petitioner to satisfy the Court that a Chapter X petition has been filed in good faith. Marine Harbor Properties, Inc. v. Manufacturer's Trust Company, 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64 (1942).

The argument which initialled our discussion in In Re Corporación Hotelera De Puerto Rico, supra, relies too heavily on pronouncements made by the Court of Appeals for the Fourth Circuit, which, upon examination, are found to have doubtful origins. The first case from the Fourth Circuit on initial stated objections was Arey & Russell Lumber Co. v. American National Bank and Trust Co. of Danville, Virginia, 201 F. 2d 508 (1953).

The facts there were very unusual for a subject of reorganization, the corporation had assets of $290,000 and owed taxes and unsecured debts totalling $9,-000, and secured debt of $12,400. The Court in considering this situation stated that:

"Since the entire secured indebtedness was held by a single creditor that had clearly indicated that it would not grant any extension, it was unreasonable to expect that a plan of reorganization could be effected." (p. 509)

However, we should note that the corporation had originally filed a petition for an arrangement under Chapter XII which had been dismissed on the ground that petitioner was a corporation, and that the purpose of the Chapter X filing was to obtain such an extension of the indebtedness secured by the deed of trust as had been sought in the Chapter XII proceeding and which Congress had seen fit to deny to corporate debtors, and there was no need to reorganize the other indebtedness.

Then Leas v. Courtney Co., 261 F.2d 13 (4th Cir. 1958), followed in which the same Court stated that the refusal of the only secured creditor to agree to any plan of reorganization effectively bars reorganization, but no citation or authority of any sort for this proposition is given. The Court cited its previous opinion in the case of Arey & Russell Lumber Co. v. American National al Bank & Trust Co., supra, to sustain a different point; even though the Court remarked that it is strikingly similar to the case before it.

Subsequently, the Court of Appeals for the Fourth Circuit decided the case of Janaf Shopping Center v. Chase Manhattan Bank, 282 F.2d 211 (1960), where it cited only those two cases, but to some degree, with regard to the announced opposition of creditors, backed away from the rule established in those cases, and stated that:

". . . The expressed opposition of the lienholders . . . is a factor to be weighed unless it is clear that the objecting creditors would not be affected by the plan, but such opposition is not itself necessarily determinative of the question." (pp. 214–215).

While this was going on, the Court of Appeals for the Fourth Circuit did not follow the trend already established in other circuits to the effect that that opposition was only one of the factors to be considered in determining the "good faith" of petitioner. See Matter of Castle Beach Apartments, Inc. (C.A. 2d Cir. 1940), 113 F.2d 762; White v. Penelas Mining Co. (C.A. 9th Cir. 1939), 105 F.2d 726; Matter of 263 West 38th Street Corp. (S.D.N.Y. 1941), 37 F. Supp. 667; Matter of East Boston Coal Co. (M.D.Pa. 1940), 30 F.Supp. 811.

We have also noticed the rule that the Court of Appeals for the Fifth Circuit, stated in York v. Florida Southern Corp., 310 F.2d 109 (1962), where at page 110, in a per curiam opinion, the Court stated:

"We do not believe that the fact, standing alone, that a class of secured creditors announces in advance that it will not agree to a reorganization plan makes it impossible for a Chapter X reorganization petition to be filed in 'good faith' ".

This doctrine was reaffirmed in Corr v. Flora Sun Corp., supra, where the Court stated, 317 F.2d at page 710:

"  .  .  . has clearly rejected this contention as a proper basis for defeating Chapter X proceedings at their inception."

See also In Re Plaza Towers, Inc., 294 F.Supp. 714 (D.C.Louisiana 1967). Thereafter the Court of Appeals for the Fourth Circuit in Wachovia Bank & Trust Company v. Dameron, 406 F.2d 803 (1969) modified its position with regard to the *Arey & Russell and Leas* cases by saying that:

"Nevertheless, in the absence of conclusive demonstration of futility found in such exceptional cases as Arey and Leas, *creditor opposition is not controlling*. This is made clear in Janaf Shopping Center, Inc. v. Chase Manhattan Bank, 282 F.2d 211 (4th Cir. 1960), where creditor opposition expressly was held not to be determinative, but instead was weighed along with other factors that had a bearing upon the possibility of successful reorganization." (406 F.2d p. 806) (emphasis added).

As otherwise stated in 6 Collier on Bankruptcy, Section 6.09, pp. 1041–1044 (1965 ed.):

"Accordingly, it is unnecessary that the petitioner or petitioners at the outset prove the fairness, feasibility or equity of any particular plan or possible plans. Whether a plan is feasible  .  .  . is a subject for subsequent inquiry and determination, after a trustee has investigated the debtor's financial condition, business and desirability of continuance thereof, has given the creditors and stockholders an opportunity to submit suggestions to a plan, Section 167, and has submitted to the Court his own conclusions upon the subject. If it later becomes evident that a plan cannot be effected within the framework of the statute, the judge may dismiss the proceedings or order bankruptcy liquidation under Section 236. Those interested in securing a reorganization should be given an opportunity to work out a plan so long as there is any reasonable expectation that such result may be accomplished, even though opposing interests claim in advance that any plan proposed will be futile.

From what has just been said it follows that the announced opposition of various creditors or stockholders at the commencement of the proceedings has no bearing on good faith under Section 146(3). Thus the advance disapproval by a large percentage of creditors of any plan that may be proposed should be ignored in this early stage of the proceedings. Effective approval or disapproval of a plan must await the actual presentation of a proper plan and must follow a course marked out by the statute."

For what has been said we are of the opinion that the doctrine announced in Janaf Shopping Center v. Chase Manhattan Bank, supra, is a better doctrine than the one already advanced by us in *Corporación Hotelera De Puerto Rico*, supra, and, thereby, we shall apply it in this case and in future cases.

In the absence of exceptional circumstances [4] as in *Corporación Hotelera De*

---

4. The exceptional circumstances mentioned there are contained in:

"B—Debtor has no reasonable prospect of obtaining the new financing which would be necessary to solve its otherwise hopeless financial situation. The debtor's present financial state, examined in the light of its previous efforts to obtain new financing, makes it appear highly unlikely that a new effort at refinancing would be successful. Nothing tangible has been presented which supports the contention that, given an opportunity to present a plan, debtor might be able to interest investors to pay off the present overdue secured indebtedness. Janaf Shopping Center, Inc. v. Chase Manhattan Bank, supra; In Re Liberty Mortgage Corp., 245 F.Supp. 858 (N.D. Ohio 1965).

C—It appears from all circumstances of this matter that there is no reasonable prospect for any plan to succeed and the Court is satisfied that this is not an appropriate case for corporate rehabilita-

*Puerto Rico,* supra, this Court will not apply the doctrine ascertained there.

■ Good faith imports an honest intention on the part of the petitioning debtor to effect a reorganization together with a need for and possibility of effecting it, and, in determining whether a Chapter X proceeding was filed in good faith, the Court is required only·to ascertain whether it was reasonable to expect that a plan could be effected, that there was opportunity and need for reorganization; and that the petition was filed with honest intention of effecting it and not for the purpose of hindering and delaying creditors. In Re Business Finance Corporation, 451 F.2d 829 (3 Cir. 1971).

■ The approval of a Chapter X petition may not be withheld unless it is abundantly clear that there is no possibility that a plan of reorganization can be effected, and, any doubt as to whether a plan can be effected should be resolved in favor of the approval of the petition. In Re Flying W. Airways, Inc., 341 F.Supp. 26 (D.C.Pa.1972); In Re Business Finance Corporation, supra; In Re Delta Food Processing Corporation, 313 F.Supp. 788 (D.C.Miss.1970); A-Cos Leasing Corporation v. Wheless, 422 F.2d 522 (5th Cir. 1970).

We are of the opinion that petitioner complies with the requirements of the Act and that, therefore, Kane Caribbean's motion should be denied.

Wherefore, the Court hereby orders, that Kane Caribbean's motion to vacate stay order and request for dismissal of petition is hereby denied.

It is so ordered.

tion under Chapter X. It appears to the Court that the manifest purpose of the filing of this petition was to forestall the pending foreclosure sale. Chapter X was not intended merely to give mortgagors a moratorium upon foreclosure. Lincoln Alliance Bank and Trust Co. v. Dye, 115 F.2d 234 (2d Cir. 1940); Arey & Russell Lumber Co. v. American National Bank, 201 F.2d 508 (4th Cir. 1953), Southern Land Title Corporation v. Mitchell, 375 F.2d 874 (5th Cir. 1967). Regardless of the type of plan that might be proposed, it is a virtual certainty that

without new financing the unsecured creditors would have to wait years before they could be paid anything, if ever. The absolute priority rule; applicable to all bankruptcy proceedings, including reorganization would require that each class in descending rank receive full and complete compensation before the next class could be paid. United States v. Key, 397 U.S. 322 [90 S.Ct. 1049, 25 L.Ed.2d 340] (1970); Consolidated Rock Products Co. v. Dubois, 312 U.S. 510 [61 S.Ct. 675, 85 L.Ed. 982] (1941)."