**In the Matter of NATIONAL PAPER & TYPE COMPANY OF PUERTO RICO, Debtor.**

**Civ. No. 89–1474 GG.**

United States District Court,
D. Puerto Rico.

Oct. 26, 1990.

Rodríguez–Ramón; Peña & Díaz, Hato Rey, P.R., for debtor-appellee.

Woods & Woods, Hato Rey, P.R., for appellant.

## ORDER

GIERBOLINI, District Judge.

Pending before us is an appeal from the March 3, 1989 order of the bankruptcy court confirming the reorganization plan of a debtor under Chapter 11 of the Bankruptcy Code. (Title 11 U.S.C.). Appellant, Efectos Litográficos, S.A. is an unsecured creditor of debtor, the appellee, National Paper & Type Company of Puerto Rico (National Paper). National Paper is in the business of distribution and sale of graphic art stationery and printing paper and has been in operations in Puerto Rico since 1908. Appellant petitions that we set aside the confirmation of the plan, and remand the case back to the bankruptcy court for further proceedings.

The historical background of this case began in 1975 when appellant obtained a default judgment in the courts of the Dominican Republic against National Paper. The amount of the judgment was for 300,000 dominican dollars.[1] On October 23, 1985 National Paper filed for protection under chapter 11 of the bankruptcy code. On March 11, 1986 National Paper filed a

disclosure statement which was approved by the court September 24, 1986. No timely objections were filed against this disclosure statement. On March 8, 1986 National Paper filed a proposed plan of reorganization. Over one year later, appellant filed an objection to confirmation of National Paper's proposed reorganization plan. A hearing was held to consider the plan in which the appellant opposed confirmation and argued many of the same allegations set forth in this appeal. The bankruptcy court confirmed the plan February 24, 1989 and this is the order from which the appellant appeals.

Appellant makes five arguments in seeking to set aside the plan of reorganization.

At the outset, we note that a district court in an appeal of a bankruptcy court's decision is bound to accept the bankruptcy judge's factual findings unless clearly erroneous. Bankruptcy Rule 8013, 11 U.S.C. "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1984) citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). In reviewing conclusions of law, however, a district court must make an independent review of the ultimate legality of the bankruptcy court's rulings. *Jefferson v. Mississippi Gulf Coast YMCA, Inc.*, 73 B.R. 179 (S.D.Miss.1986).

First, appellant argues that the plan does not comply with the bankruptcy code because the division of classes set forth in the reorganization plan violates 11 U.S.C. § 1122. Appellant relies on *In re U.S. Truck*, 800 F.2d 581 (6th Cir.1986) and *Hanson v. First Bank of South Dakota*, 828 F.2d 1310 (8th Cir.1987).

We note that the unsecured creditors in this reorganization plan are placed in dis-

1. This debt was later considered by the bankruptcy court to be equal to a 1989 claim for approximately $185,000.00.

**626**

tinct categories depending on the size of the debt owed to the creditor. Thus, classes with smaller debts owed to the creditor are to be paid at a more rapid rate than creditors, such as appellant, who were owed a larger debt. In monthly percentages, appellant will receive less than 2% of its claim per month, while creditors in a different class will receive over 10% of their claim monthly.

The applicable bankruptcy section provides as follows:

(a) ... a plan may place a claim ... in a particular class only if such claim ... is substantially similar to the other claims ... of such class.

\*     \*     \*     \*     \*     \*

(b) A plan may designate a *separate class of claims consisting* only of *every unsecured claim* that is less than or reduced to an amount that the court approves as *reasonable and necessary for administrative convenience.*

11 U.S.C. § 1122. (emphasis added)

■ Appellees argue, on the other hand, that the classification is reasonable and note that the cases cited by appellant are distinguishable in that they concern classifications based on voting, not on the size of a debt. For example, appellees argue that in *In re Planes, Inc.,* 48 B.R. 698 (Bankr.N.D.Ga.1985) the court held that as long as the separate classification is not aimed primarily to manipulate class voting, similar claims may be separately classified where supported by a reasonable business or economic justification. The Court in *Planes* held as follows:

[This Court] hereby adopts the interpretation of § 1122 set forth in ... [5] Collier [*On Bankruptcy* ¶ 1122.03[1][b], p. 1122–6, 15 ed. 1984] that "1122(a) does not require that similar claims *must* be grouped together, but merely that any group created must be homogenous." *Barnes v. Whelah,* 689 F.2d [193], 201 [ (D.Cir.1982) ]. Therefore, the existence of several classes of unsecured claims in the case *sub judice* does not provide sufficient basis for rejecting the plan ...

*In re Planes, Inc.,* 48 B.R. at 701.

We agree. The classifications in this case are justified because they foster the continued success of this business. Thus we hold there is no error in permitting classifications in the claims as set forth therein. *In re Atlanta West V.I.,* 91 B.R. 620 (Bankr.N.D.Ga.1988); *Matter of Jersey Medical Center,* 817 F.2d 1055, 1061 (3d Cir.1987).

■ Appellant's second argument is that the court erred in determining that the plan complied with section 1129(a)(7)(A) of the Bankruptcy Code. This provision requires that the bankruptcy court find that claimants such as appellant will receive more under the reorganization plan than under a liquidation. *Granada Wines v. New England Teamsters & Trucking,* 748 F.2d 42, 46 (1st Cir.1984). We note that the U.S. Trustee at the confirmation hearing reviewed and agreed with appellee's financial analyst that this requirement was met. We also note that the liquidation analysis prepared by National Paper for December 1988 indicates an unrecoverable balance in liquidation of $888,163.97. Thus, based on the financial records and the arguments submitted, we do not find error in the bankruptcy court's determination on this issue.

■ Appellant's third argument is that the reorganization plan was not made in good faith. Section 1129(a) of the Bankruptcy Code provides that "[t]he court shall confirm a plan only [if] ... [t]he plan has been proposed in good faith...." Appellant argues as follows:

... appellee does not want to pay appellant the interest appellant would be otherwise entitled to receive on its judgment. In fact, the conclusion seems inescapable that appellee's case was filed and its plan designed and proposed to avoid paying appellant as long as possible and to insure that appellant would be paid as little as possible.

Appellant's brief at pages 29–30.

We note that an effect of this plan is to delay payments to the appellant. However, the bankruptcy court, being a court of equity, is able to find good faith in the filing of a plan when there is "some relation—at least an arguable relation—be-

tween the chapter 11 plan and the reorganization-related purposes that the chapter was designed to serve." *In re Coast Cable T.V., Inc.*, 709 F.2d 762, 764 (1st Cir.1983). Good faith is also present when there exists "a reasonable likelihood that the plan will achieve a result consistent with the standards proscribed under the [Bankruptcy] Code." (citations omitted) *Hanson v. First Bank of South Dakota*, 828 F.2d 1310, 1315 (8th Cir.1987).

Our court has held that good faith exists (i) when there is a reasonable expectation that the plan can be effected, (ii) when there exists an opportunity and need for the reorganization so that the business can continue, and (iii) where the petition was filed with the honest intention of effecting the reorganization plan and not for the purpose of hindering and delaying creditors. *In re Agregados de Manati, Inc.*, 357 F.Supp. 1263 (D.C.Puerto Rico, 1973).

We note that this reorganization plan appears feasible and provides the debtor with the means to continue operating while paying off its debts in an orderly manner. We concur with the proposition that "[t]he bankruptcy judge is in the best position to assess the good faith of the parties' proposals." *In re Madison Hotel Associates*, 749 F.2d 410, 425 (7th Cir.1984). Thus, applying the record to the facts of this case, we see no error in the bankruptcy court's finding that this plan was proposed in good faith.

■ Appellant's fourth argument alleges that section 1129(a)(4) of the Bankruptcy Code was violated because the debtor was in the process of incurring a large loan with First Federal Savings Bank. Section 1129(a)(4) provides that a plan shall only be confirmed if "[a]ny ... payment to be made ... by the debtor ... in connection with the case ... has been approved by ... the court as reasonable." 11 U.S.C. § 1129(a).

We note that the transcript of the confirmation hearing on the plan indicates this loan was fully examined. Thus, since this proposed payment had been disclosed to the court, we see no merit to appellant's argument on this issue.

 Appellant's fifth and final argument alleges that the bankruptcy court erred in taking into consideration many of the records in the bankruptcy court file. We do not find this argument persuasive. *In the matter of Missionary Baptist Foundation of America*, 712 F.2d 206, 211 (5th Cir.1983); *St. Louis Baptist Temple v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

Thus, for the above reasons, this appeal is hereby dismissed and the decision of the bankruptcy court is hereby affirmed.

SO ORDERED.